**Paul Lund, Defendant in Error, v. W. Irving Osborne et al., Plaintiffs in Error.**

**Gen. No. 6,240.**

1. PLEADING, § 58*—*when plaintiff may not be required to elect between counts.* In an action for personal injuries, *held* that a motion to compel the plaintiff to elect between counts charging simple negligence and others charging wilfulness and wantonness was properly denied.

2. STREET RAILROADS, § 131*—*when evidence insufficient to show contributory negligence of pedestrian.* In an action for personal injuries sustained by being struck by an interurban electric train at a busy street crossing, evidence *held* not to show that the plaintiff was guilty of contributory negligence.

3. STREET RAILROADS, § 64*—*what degree of care required in approaching street crossings.* It is the duty of those in charge of street cars to exercise a greater degree of care and watchfulness when approaching a street crossing, or intersection, than at other places along their route, and especially so when such crossing is a busy and much frequented one.

4. STREET RAILROADS, § 131*—*when evidence sufficient to show negligence of motorman.* In an action for personal injuries sustained by being struck by an interurban electric car at a busy street intersection, evidence *held* sufficient to justify an inference that there was such a lack of watchfulness on the part of the motor-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

man as indicated an indifference to consequences, wantonness, and wilfulness.

5. NEGLIGENCE, § 7*—*what constitutes wilful or wanton negligence*. It is not necessary, in order to constitute wilful or wanton negligence, to show ill-will against the particular person injured, but an entire absence of care for the life, person or property of others, if it exhibits indifference to disastrous consequences, is sufficient.

6. NEGLIGENCE, § 192*—*when question for jury*. Whether a personal injury has been inflicted by gross and wanton negligence is a question of fact to be determined by the jury.

7. NEGLIGENCE, § 91*—*when contributory negligence immaterial*. Where, in an action for personal injuries, wantonness and wilfulness on the part of the defendant's servants are shown, the question of contributory negligence of the plaintiff is immaterial.

Error to the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

BULL & JOHNSON and CHARLES H. KING, for plaintiffs in error.

COOKE, POPE & POPE and PAUL MACGUFFIN, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This action was commenced in the Circuit Court of Lake county by the defendant in error, Paul Lund, against the receivers of the Milwaukee Electric Railroad Company, plaintiffs in error, to recover damages for personal injuries suffered by him; and this is the second time the case has been brought before this court for review. At the former hearing, the judgment rendered was reversed and the cause remanded for another trial. (*Lund v. Osborne*, 183 Ill. App. 63.) Upon a retrial of the case in the court below, the jury awarded the defendant in error damages in the sum of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

$5,000, and the court rendered judgment on the verdict of the jury.

The facts appearing in the record concerning the injury and the condition of the pleadings are stated in the previous opinion, and are as follows: The Chicago & Milwaukee Electric Road runs between Chicago and Milwaukee in a northerly and southerly direction upon St. Johns avenue and crosses Central avenue, an east and west street of the City of Highland Park. The tracks of the Chicago & Northwestern Railway are a short distance west and the passenger station of said railway is a short distance south of Central avenue and a short distance west of St. Johns avenue.

At the time in question, a car of the electric railway was running south on St. Johns avenue and a passenger train, southbound on the Chicago & Northwestern Railway, was approaching the passenger station. The tower bell of the steam railway was ringing and its gates over Central avenue were being lowered. Paul Lund was on the east side of St. Johns avenue and desired to take passage on the Northwestern train. He was going across St. Johns avenue, within the limits of Central avenue, and was either walking fast or running to reach the Northwestern train, when he and said electric car collided on the eastern part of the rounded surface of the front of said car and he was thrown away from the car onto the pavement and very seriously injured.

The declaration consists of two counts and of an additional or third count. The first count charges that the plaintiff was exercising due care and that the defendants carelessly drove the car at a dangerous rate of speed in crossing Central avenue, and struck and injured the plaintiff. The second count contains no allegation that the plaintiff exercised due care, but charges that the plaintiff was necessarily crossing Central avenue to reach the Northwestern station, in and

about his business; and that the defendants were
driving the car at a high rate of speed, and knew that
the plaintiff was about to cross their tracks, and did
not use ordinary care to avoid injuring him, nor give
him any warning, but that they negligently and wil-
fully ran the car against him, and thereby injured him;
and that there was then in force in said city an ordi-
nance which required defendants to maintain a flagman
where it crossed any street in said city, whose duty it
should be to signal persons traveling in the direction
of such crossing and warn them of impending danger,
and that the defendants did not have a flagman at the
crossing of Central avenue and plaintiff was not
warned of the impending danger.

The third count does not allege that the plaintiff was
exercising due care, but charges the defendants, as in
the second count, with a lack of ordinary care and with
a failure to give the plaintiff any warning, and that
they negligently, wilfully and wantonly ran their car
against the plaintiff and injured him. A number of
questions are raised by plaintiffs in error, some of
which were passed on in the former opinion, and those
previously determined we shall not again consider at
this time.

The plaintiffs in error, at the conclusion of the evi-
dence introduced in behalf of the defendant in error,
moved the court that the defendant in error be put
upon his election as to the second and additional counts
of his declaration, as to whether the defendant in
error would rely upon the charge of simple negligence
in the counts or upon the charge of wilfulness and
wantonness, and the motion was denied. The plaintiffs
in error then also offered separate motions, at the
close of the evidence adduced for the defendant in
error, to instruct the jury to find the plaintiffs in error
not guilty as to each of said counts, which motions
were also denied by the court.

We are of opinion that no error was committed in denying these motions, and the defendant in error could not be put upon an election with reference to the matters alleged but had a right to submit the questions pertaining to the extent of the negligence, which was charged in the counts, to the jury; and the plaintiffs in error were not entitled to a separate verdict on the different counts of the declaration until the whole case was submitted for the consideration of the jury. (*Scott v. Parlin & Orendorff Co.*, 245 Ill. 460; *Colesar v. Star Coal Co.*, 255 Ill. 532; *Chicago, R. I. & P. Ry. Co. v. Clough*, 134 Ill. 586.)

Plaintiffs in error strenuously insist that the important question in this case, under the pleadings and the evidence, is whether or not the defendant in error was guilty of contributory negligence, and that the evidence so conclusively shows that he was guilty of contributory negligence as to bar a recovery, as a matter of law. We cannot agree with them in this contention, furthermore, it may be proper to add that the importance of the factor of contributory negligence depends upon the state of the proof concerning the charge made in the declaration, that the defendant in error was injured by acts which were wilful and wanton. The evidence shows that the intersection of St. Johns avenue with Central avenue is apparently the most frequented and busiest place in Highland Park, and necessarily and most frequently used by foot passengers and vehicles in connection with the Chicago & Northwestern passenger station; and, that about the time of the injury to the defendant in error, there were probably thirty people hurrying along and across this intersection, for the purpose alone of taking passage on the Chicago & Northwestern train, which was about to leave, and there were other people moving in and about this intersection for other purposes.

It is clearly the duty of those in control of street cars to exercise a greater degree of care and watchful-

ness when approaching a street crossing or intersection than at other places along their route. (*Heidenreich v. Bremner,* 260 Ill. 439, and cases there cited.) This duty is particularly emphasized when the crossing or intersection is a busy one and much frequented. (*Chicago City Ry. Co. v. Tuohy,* 196 Ill. 410; *Chicago City Ry. Co. v. Fennimore,* 199 Ill. 9.)

The evidence tends to prove that the electric car which was managed by the motorman of the plaintiffs in error ran into this much frequented and busy intersection, at probably its busiest time, at a dangerously high rate of speed (two witnesses testified that the speed at which the car was running exceeded twenty miles an hour), and that the motorman who was managing the car, and who was supposed to be on the lookout, and was charged with a high degree of watchfulness at this point, had not even noticed the defendant in error on the street in front of him, as he was attempting to cross, when the car struck him; and the first knowledge the motorman had of the injury to the defendant in error was when passengers standing near him on the platform called his attention to the unfortunate fact. Undoubtedly the jury could reasonably infer from this evidence, not only that the car was running at a rate of speed highly dangerous, but that there was such a lack of watchfulness on the part of the motorman as indicated an indifference to the consequences which naturally might be involved, which affected the life, limb and property of persons, under the circumstances and conditions which prevailed at this intersection.

It is not necessary, in order to constitute wilful or wanton negligence, to show ill-will against the particular person injured, but an entire absence of care for the life, person or property of others, if it exhibits indifference to disastrous consequences, is sufficient. (1 Thompson on Negligence, sec. 22; *Neice v. Chicago & A. R. Co.,* 254 Ill. 595; *Chicago Terminal Transfer R.*

*Co. v. Kotoski,* 199 Ill. 383; *Illinois Cent. R. Co. v. Leiner,* 202 Ill. 624.)    And whether a personal injury has been inflicted by gross and wanton negligence is a question of fact to be determined by the jury. (*Heidenreich v. Bremner, supra; Illinois Cent. R. Co. v. Leiner, supra; Chicago, B. & Q. R. Co. v. Murowski,* 179 Ill. 77.)

We are of opinion that there is sufficient evidence in the record, from which the jury might reasonably infer, and from which they would be justified in finding, that the injuries to the defendant in error were caused by negligence that was wilful and wanton, as charged in the declaration.    It is not necessary, therefore, in this state of the proof, to discuss the matter of contributory negligence.

We are of opinion that no error was committed in the instructions given, nor in the modifications made, concerning the question of wilful and wanton negligence, which was involved in the case.    The instructions, with the modifications, state the law with substantial accuracy.    Nor was there any reversible error committed in giving the instructions concerning the elements to be taken into consideration by the jury, in arriving at the amount of damages.    The judgment should therefore be affirmed.

*Judgment affirmed.*