## Fred Krug, by Nellie Carlin, Appellee, v. Walldren Express & Van Company, Appellant.

### Gen. No. 24,650.

1. DAMAGES, § 120*—*when not excessive.* A verdict for $12,500 for complicated injuries to a boy 15 years of age, rendering him a cripple for life, *held* not excessive.

2. TRIAL, § 130*—*what argument proper.* Remarks of counsel for plaintiff in argument in a personal injury case that his client was "an American boy" were proper.

3. TRIAL, § 142*—*when argument as to damages proper.* Remarks by plaintiff's counsel in argument in a personal injury case as to the compensation his client should receive, *held* proper where they were simply an effort to offset the estimate made in argument by defendant's counsel as to what compensation should be admeasured to plaintiff.

4. APPEAL AND ERROR, § 1621*—*when unresponsive answer cured by striking.* The withdrawal of a juror and continuance of a personal injury case on the ground of an improper answer of a witness for plaintiff was properly denied where the unresponsive answer of the witness was stricken out.

5. NEGLIGENCE, § 91*—*effect of contributory where defendant's acts are wilful.* The question of contributory negligence of a person injured by the negligence of a servant of another cannot be considered where such negligence was wilful and wanton.

6. AUTOMOBILES AND GARAGES, § 2*—*what constitutes wilfulness as to boys playing in street.* The driver of an automobile truck is guilty of wilful negligence, where he sees boys playing ball in the street, and proceeds on his way recklessly and injures a boy who is running towards the home plate, oblivious to the danger, notwithstanding the absence of the element of ill-will towards plaintiff.

7. AUTOMOBILES AND GARAGES, § 2*—*illegality of games in street as affecting right to recover for injuries.* The fact that a boy who was injured by an automobile truck, driven by the servant of another, was playing baseball on the street in violation of a city ordinance will not debar a recovery where such playing was not the proximate cause of the accident and the accident occurred through the wilful and wanton conduct of such driver.

8. AUTOMOBILES AND GARAGES, § 3*—*when ordinance limiting speed admissible.* In an action against the owner of an automobile

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Krug v. Walldren Express & Van Co., 214 Ill. App. 18.

truck by a boy to recover for personal injuries due to the negligence of a servant of defendant, where the declaration charged careless and negligent driving, and there was evidence to sustain the charge, a speed ordinance was admissible in evidence.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 7, 1919.

JOHN A. BLOOMINGSTON, for appellant.

QUIN O'BRIEN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Defendant appeals from a judgment against it for $12,500 entered upon the verdict of a jury in an action for personal injuries.

There are four counts in the declaration, three of which aver negligence in varying forms against defendant as the proximate cause of the injuries to plaintiff, and the fourth count avers that defendant's servant, in the operation of its truck upon the occasion in question, when danger was imminent, carelessly, recklessly and wantonly ran the same upon and against plaintiff, thereby seriously injuring him. The cause proceeded to trial under this declaration with an unimportant amendment to the second count and defendant's plea of not guilty.

The accident to plaintiff happened March 31, 1916, when he was nearly 15 years of age and a schoolboy. The place of the accident was Thomas street, Chicago, a densely populated residential neighborhood. The time of the accident was about sunset. The manner of its occurrence was in brief that plaintiff with other boys was playing a game of baseball in the roadway where various kinds of vehicles were driven. The boys had made a baseball diamond, the first and third bases of which were at opposite street curbs, and the home plate and second base were in the center of the street.

The truck of defendant at the time of the accident was running in Thomas street towards the home plate. Plaintiff Krug had batted the baseball so dexterously and far that he and the boys naturally concluded that he then faced what is known in baseball parlance as a "home run." Plaintiff ran swiftly around the bases with his mind intent on reaching the home plate. When he was running as fast as he could from third base towards the home plate, the truck of defendant, driven behind plaintiff by defendant's servant, rapidly overtook the boy, whose mind was so intent on the objective home plate that he was not conscious of the fact that the truck was in the street, and he was struck by it and very seriously injured. While darkness was coming on, there was plenty of light for the boys to play ball and for the driver of the truck to so operate his truck, in the exercise of ordinary care, as to have easily avoided striking the boy. The truck when it struck plaintiff was to the left of the middle of the street when, according to the rule of the road, it should have been driven to the right of the middle of the street.

After plaintiff was struck by the truck he was found to be bleeding at the nose, mouth, ears and head, and to have wounds on both his legs. His nose was broken, as also his lower and upper jawbones, which had to be plated and wired together; he lost some of his teeth, and had a wound on his head and a bone depression of the skull over the left eye; he also suffered the fracture of three ribs. Two bones in the right leg were broken and the right ankle bones, ligaments, tissues and skin were crushed and the ankle so badly injured as to leave plaintiff with a stiff and deformed clubfoot on that leg. He also suffered a diagonal compound fracture of the left leg, and from infection caused by the dirt of the street being ground into his wounds. The left leg is shortened 2 inches; the injury to his nose prevents him from breathing through one

nostril, and the sum total of plaintiff's injuries have left him a cripple for the rest of his life. He has in consequence of his injuries undergone several surgical operations, has suffered much pain on account of his injuries, and was rendered helpless for many months while he was under medical and surgical treatment.

It is argued for reversal: (1) that the verdict is grossly excessive; (2) improper remarks of plaintiff's counsel to the jury; (3) error in the giving and refusing to give instructions; (4) error in the court's refusal of defendant's motion to withdraw a juror and continue the cause because of an alleged improper answer of a witness to a question put by plaintiff's counsel; and (5) that the court should have granted defendant's motion for a directed verdict because plaintiff was guilty of contributory negligence, and because there was no evidence justifying the finding of the jury that plaintiff's injury was wantonly and wilfully inflicted. We will pass upon these contentions in the order recited.

First: The question of damages was a matter for the jury, and we are satisfied that the amount assessed is not only not excessive, but that it is not fully compensatory for the serious and painful injuries suffered, resulting in the permanent crippling of plaintiff, who from the threshold of his career will be compelled to go through life seriously handicapped physically as the result of the injuries which he received and for which defendant is, as *respondeat superior,* liable for the reckless, wanton and wilful conduct of its servant. Larger verdicts have been sustained by this court for injuries less serious than those suffered by plaintiff.

Second: We find nothing in the argument of plaintiff's counsel to the jury that was improper. All the argument complained of was in reply to observations made by defendant's counsel in his argument to the jury. We are hardly convinced that the reference by counsel to his client as "an American boy," being but the statement of a bald and patent fact, was improper

or a subject for censure by the court or for the penalizing of the injured client, particularly when defendant's counsel, in accounting for the absence of a material witness, laid stress upon the witness being in the service of his country beyond the seas in the American Aviation Corps. Such remarks of both counsel were not only proper but ethical. The arguments of counsel regarding presumption arising from the violation of the State Motor Law and the compensation which his client should receive for his injuries were both permissible, especially that pertaining to the latter, which was simply an effort to offset the estimate made in argument by defendant's counsel as to what compensation should be admeasured to plaintiff. *Graham v. Mattoon City Ry. Co.,* 234 Ill. 483.

Third: In the view we take of this case, the rulings of the court on instructions to the jury, if erroneous—which we do not concede—had no baneful effect upon the rights of defendant.

Fourth: If we should give effect to this assignment of error, the wheels of justice would be retarded beyond measure. The court's ruling upon the answer of the witness was all-sufficient as a corrective. The question, "What did you see the truck do?" was proper, although the answer that, "It came near striking a boy named Bingo on Campbell avenue," might not be exactly responsive; still, it being stricken out with the consent of plaintiff's counsel, the impropriety of the answer worked no injury to defendant. Furthermore, we are not prepared to say that the answer was not responsive and, as part of the *res gestæ,* pertinent. It was something that happened immediately preceding the accident to plaintiff and tended to show the manner of the operation of the truck by defendant's servant at that time.

Fifth: While the testimony of plaintiff's several witnesses was not entirely harmonious on certain points, a careful perusal and weighing of it convince

us that the jury might reasonably find therefrom that the servant of defendant was at the time and place of the accident driving the truck at a speed violative of the city ordinance regulating the speed of motor vehicles; that the accident happened by reason of the reckless, wanton and wilful manner in which the truck was driven; that the plaintiff was struck and severely injured by the truck of defendant in the manner detailed by the witnesses of the plaintiff upon the trial; and there being no countervailing proof on the part of defendant which rebutted such evidence, the motion to direct a verdict was properly denied.

We have no doubt that the jury believed from the evidence, as do we, that the accident was caused by the reckless, wilful and wanton conduct of the servant of defendant in driving the truck which struck and injured plaintiff. Under these circumstances, the question of the contributory negligence or want of due care on the part of plaintiff was eliminated from the case.

There is no doubt that plaintiff, boylike, was intent only upon making the home run on his hit, was oblivious of his environment and had no conscious knowledge of either the approach or presence of defendant's truck in the street.

It is argued that if defendant's servant acted wantonly and wilfully, likewise did plaintiff act, and it is urged therefrom in effect that the parties being *in pari delicto,* the law will not afford relief to either. *Lund v. Osborne,* 200 Ill. App. 457. This contention is untenable because the plaintiff could not be guilty of wanton or wilful conduct, as such conduct must spring from a conscious intent to act in a wilful and wanton manner, and the evidence shows, as we have above said, that plaintiff was oblivious at the time of his environment. It is, however, inferable from the evidence that defendant's servant drove the truck at the time of the accident at an unlawful rate of speed; that it was driven in a wanton and wilful manner; that the

driver could, in the exercise of ordinary care—and we must therefore believe that he did—observe his environment and, among other things, the boys in the street at their play. Both law and humanity required that, confronted with this condition, he should have proceeded with due care and circumspection not to needlessly injure any of the children in the path of the truck. Instead of so gauging his conduct, he proceeded with a conscious disregard of the effect of his conduct and drove the truck recklessly, regardless of the consequences. The truck literally chased the boy, who was unaware of the jeopardy in which the conduct of the driver of the truck placed him, and through such wanton and wilful conduct on the part of the driver the accident to plaintiff occurred. The driver was guilty of such a lack of care for the rights of others as implies either a disregard of consequences or a willingness to inflict injury, which conduct constitutes wilful negligence, notwithstanding the absence of the element of ill-will towards the injured plaintiff. *Illinois Cent. R. Co. v. Leiner*, 202 Ill. 624; *Lund v. Osborne, supra.*

In order to constitute wilful or wanton negligence, it is not necessary to show ill-will against the particular person injured; but, as in the instant case, where there is an entire absence of care for the life, person or property of others, exhibiting indifference to disastrous conséquences, it is wilful. *Neice v. Chicago & A. R. Co.*, 254 Ill. 595; *Chicago Terminal Transfer R. Co. v. Kotoski*, 199 Ill. 383; *Illinois Cent. R. Co. v. Leiner, supra.*

While it is true that plaintiff was playing baseball in Thomas street in violation of a city ordinance prohibiting the playing of sports or games in the street, that fact does not debar a recovery for two reasons: First, such playing was not the proximate cause of the accident; and second, the accident occurred through the wilful and wanton conduct of the driver of the truck. *Star Brewery Co. v. Hauck*, 222 Ill. 348.

It is also insisted that the speed ordinance was not admissible in evidence under the pleadings. The declaration charged careless and negligent driving, which there was evidence to support. These conditions were sufficient to make the ordinance admissible as evidence. *Star Brewery Co. v. Hauck, supra.*

The verdict and judgment are supported under the fourth count of the declaration and do justice between the parties; therefore the judgment of the Superior Court is affirmed.

*Affirmed.*