# William Richardson, Appellee, v. Charles E. Franklin, Appellant.

## Gen. No. 7,428.

1. MASTER AND SERVANT—*instruction assuming agency of automobile driver for defendant as reversible error.* In an action for damages for personal injuries received by plaintiff when he was struck by an automobile owned by defendant and driven by his daughter, an instruction which assumed that the daughter was the agent of the defendant and did not tell the jury that they must find from the preponderance of the evidence that she was such agent, was erroneous, misleading and harmful.

2. HIGHWAYS AND STREETS—*when instruction that driving automobile on left side of road prima facie negligent is erroneous.* An instruction that if defendant's daughter was driving defendant's automobile on the left side of the street, contrary to an ordinance, at the time an accident occurred and that fact contributed to the injury to plaintiff, who was struck by the automobile, she was prima facie guilty of negligence, was erroneous because it did not take into consideration whether the car was turned to the left side to avoid striking plaintiff or for some other purpose.

3. MASTER AND SERVANT—*when instruction as to agency of automobile driver for defendant erroneous.* In an action for personal injuries in which defendant's liability depended on whether his daughter, while driving the car which struck plaintiff, was acting as defendant's agent, an instruction was erroneous which told the jury that agency may be proved by facts and circumstances such as give rise to a reasonable inference of its existence without telling them that such facts and circumstances must be proven by the preponderance of the evidence and without telling them what facts and circumstances are necessary to prove agency by the preponderance of the evidence.

4. NEGLIGENCE—*when instruction as to wilful and wanton negligence erroneous.* Wilful and wanton negligence is such gross, unreasonable negligence as indicates a total disregard of consequences and an indifference to others such as to indicate an utter disregard for the safety and lives of others, and an instruction in an action for personal injuries that to constitute an act wilful or wanton the party doing or failing to do the act, although having no intention to injure, must be conscious from her knowledge of surrounding circumstances and conditions that her con-

duct will naturally or probably result in injury to persons and property, was erroneous.

5. TRIAL—*act of juror in viewing scene of accident as error.* Though a verdict will not be set aside because of the misconduct of a juror where it is not shown that the misconduct was prejudicial, the act of a juror in going to the place of the accident and viewing the surroundings during the trial should be criticized so that upon another trial a similar error may not be committed.

Appeal by defendant from the Circuit Court of Knox county; the Hon. WALTER C. FRANK, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed January 31, 1925.

HARDY & HARDY and GEORGE C. GALE, for appellant.

MARSH, RICE, LEWIS & THOMPSON and CARNEY & NELSON, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellee, William Richardson, obtained a judgment in the circuit court of Knox county for $8,000 against appellant, Charles E. Franklin, for personal injuries sustained in a collision between a bicycle upon which appellee was riding and an automobile driven by the daughter of appellant, and this appeal has been prosecuted to review the judgment.

The declaration consisted of six counts, and in each of them it was alleged that at the time of the accident the daughter of appellant was driving the automobile as his agent and servant. Each count charged appellant with wilfulness and wantonness.

The appellee at the time of the accident was employed at a salary of $175 per month as an engineer at the high school building in Galesburg. He resided at 189 North Henderson street in that city. On September 27, 1922, he quit work about 5:15 p. m. and

went to a store on North street where he got some bread and a bottle of milk which he put in a basket. He then rode his bicycle west on North street to Henderson street and south on Henderson street towards his home. Main street is the first east and west street south of North street and the distance between the two streets is about eighty rods with no cross streets. The place of the collision was in front of the home of appellee on the east side of Henderson street, about thirty rods south of North street. The pavement was thirty feet wide, the curb was six inches above the gutter, which was constructed of concrete. There was a terrace six feet wide between the sidewalk and the curb. The sidewalk was four feet wide. The lot on which appellee lived was sixty-six feet wide. There was a vacant lot north of appellee's lot and the driveway used by appellee covered the south nine feet of the vacant lot. At the northwest corner of the terrace in front of appellee's lot was a hydrant about three feet east of the curb and two feet south of the driveway. There was a telephone pole at the southwest corner of the terrace in front of appellee's lot.

Florence Franklin, the daughter of appellant, resided with her father on Main street west of Galesburg a short distance outside the city limits. The family consisted of appellant, his wife, his son Bert, twenty-six years old, and the daughter, nineteen years old. The appellant had a Ford automobile which the daughter used in going to and from Knox College where she was a student. It was the custom of appellant's wife to frequently visit her sister and father who lived just west of Jefferson street. Appellant was also the owner of a Cole automobile. On the morning in question, the son Bert took his mother to the home of her father and sister. The daughter Florence went to Knox College but returned home at

noon and found no one at home. She took the Cole automobile and drove to the public library where she met a friend and they rode about the streets until about 5:30 in the afternoon. The daughter then went after her mother who got into the car and they started home, a distance of about two miles.

The evidence on behalf of appellee shows that appellee was riding south on the west side of Henderson street just south of North street at about five miles per hour. He had a basket in one hand and was guiding his bicycle with the other hand. The car of appellant was going south on the east side of Henderson street between thirty-five and forty miles an hour. Appellee testified he looked back to see if anything was coming. He did not see anything and turned to cross the street into the driveway leading to his home. He was struck by appellant's automobile and thrown a distance of about thirty feet and fell on the terrace with his left leg extending over the curb. The automobile ran along the curb with the left wheels on the terrace and the right wheels on the pavement. It passed over appellee and ran off the terrace across the street, a distance of about six rods. Appellee was seriously injured. His left ankle was fractured and dislocated so that the bones protruded through the flesh. He had a fracture of the left humerus at the shoulder. He received a severe scalp wound with a concussion of the brain. He had a badly sprained wrist, two fractured ribs and the right thigh bone was broken close to the hip.

The evidence on behalf of appellant showed that the automobile was driven south on Henderson street west of the center of the street at not to exceed fifteen miles an hour as it left North street and at ten miles per hour at the time the driver applied the brakes

to avoid the accident; that appellee went south on Henderson street and was riding on the west side of the street about four feet from the curb; that Florence Franklin honked her horn at a distance of four or five car lengths from appellee, but he did not change his course; that there was practically no other traffic on the street. She slowed down and started to pass appellee on the left. She again honked her horn and turned to pass him, but just as she turned to the left he suddenly turned his bicycle in front of the car without looking back or giving any signal and the bicycle and the automobile went across the street to the southeast in front of appellee's home; that appellee was struck near the east curb line, and the automobile went over the curb onto the terrace and around appellee; that appellee was hard of hearing, which fact was not known to the driver of the automobile; that appellee went back to work in June, 1923, and was paid for that month; he worked from that time until the trial and was still employed at the time of the trial.

As ground for reversal it is urged that the evidence fails to show that the daughter was the agent of her father and for that reason there can be no recovery; also that appellee failed to prove by the preponderance of the evidence that the driver of the automobile was guilty of the negligence charged in the declaration. Because of the fact that this judgment will have to be reversed on account of other errors, we purposely refrain from stating any opinion with reference to the evidence.

The appellee offered in evidence an ordinance of the City of Galesburg which provided that "Vehicles shall keep to the right of the center of the street," and the court gave on behalf of appellee the six-

teenth instruction which, after stating the contents of the ordinance told the jury that if Florence Franklin, as agent of appellant, drove his car south on the left side of the center of the street, and such driving on the left side of the center of the street contributed to the injury, then such driving on the left side of the street was prima facie evidence of negligence on the part of the defendant. It is insisted that this ordinance was unreasonable, was too broad and is in conflict with section 40, ch. 95a of the Motor Vehicle Act. [Cahill's Ill. St. ch. 95a, ¶ 41.] We are without jurisdiction to declare this ordinance invalid because it is unreasonable. There was no count of the declaration based upon this ordinance. The instruction based upon this ordinance is erroneous because it assumes that the daughter was the agent of her father. It does not tell the jury that they must find from the preponderance of the evidence that the daughter was the agent of her father, but it merely states that "if Florence Franklin as the agent of her father," etc. In this respect the instruction is erroneous, misleading and harmful. The ordinance and the instruction do not take into consideration any conditions which may have existed at the place of the accident, or any other evidence that may have been introduced in the case, but state that if she was driving on the left side of the center of the street and that fact contributed to the injury she was prima facie guilty of negligence. It is in dispute whether the automobile turned to the left to avoid striking appellee, or whether it turned to the left for some other purpose. If the driver of the automobile turned to the left for the purpose of going around the bicycle and the physical conditions present at the place of the accident were such that she was compelled to drive east of the center of the street, it certainly cannot be con-

tended that she was prima facie guilty of negligence in so doing.

The thirteenth instruction given on behalf of appellee told the jury that agency need not be proven by proof of express authority given by the principal to the agent, but that agency may be proved by proof of facts and circumstances such as give rise to a reasonable inference of the existence of the agency, and if the jury believe from the preponderance of the evidence that Florence Franklin was at the time of the collision driving the car in question as the agent or servant of the defendant, then her acts or omissions, if any are shown by the preponderance of the evidence, pertaining to the collision are, in law, the acts or omissions of the defendant. This instruction entirely omits the rule of law that where it is attempted to prove agency by facts and circumstances shown, such facts and circumstances must be proved by the preponderance of the evidence. It does not tell the jury what facts and circumstances are necessary to prove agency by the preponderance of the evidence. The jury are told that agency may be proved by proof of facts and circumstances such as give rise to a reasonable inference of the existence of the agency. Under this instruction if there were facts and circumstances which appeared to the minds of the jury to suggest, not the actual existence of an agency, but a reasonable inference of its existence then the jury had the right to consider the agency proven. An inference is a mere probability, conjecture or surmise. Under this instruction if the jury found that Florence Franklin was the agent of her father, it was not necessary for the jury to believe she was the agent by express authority, but it was only necessary for them to call to mind such facts and circumstances in evidence, whether established by the preponderance of the evidence or not, as suggested, or gave rise to the

belief that there was a probability, conjecture or surmise of the existence of agency.

The seventeenth instruction told the jury that to constitute an act wilful or wanton, the party doing the act or failing to do the act, although having no intention to injure, must be conscious from her knowledge of surrounding circumstances and conditions that her conduct will naturally or probably result in injury to persons and property. It then proceeds to apply this rule of law to the facts in this case. It assumed that Florence Franklin was the agent of appellant, which was clearly erroneous. It attempted to define wilful and wanton negligence and told the jury that the party must be conscious from her knowledge of surrounding circumstances and conditions that her conduct will naturally or probably result in injury to persons or property. Wilful and wanton negligence means such gross, unreasonable negligence as to indicate a total disregard of consequences and an indifference to others, or such as to indicate an utter disregard for the safety and lives of others. *Illinois Cent. R. Co. v. Leiner*, 202 Ill. 624; *Heidenreich v. Bremner*, 260 Ill. 439; *Bernier v. Illinois Cent. R. Co.*, 215 Ill. App. 454. This instruction was erroneous and should not have been given.

Complaint is made of other instructions given but we do not think there is very much serious error in any of the others. The instructions given as above noted are sufficient to require a reversal of this judgment.

Complaint is made of improper conduct of one of the jurors in going to the place of the accident and viewing the surroundings during the trial and before the verdict was rendered. This question has been considered by the courts upon many occasions and it has been held that a court will not set aside a verdict on the ground of misconduct of the juror where

it is not shown that the alleged misconduct was prejudicial. *Bauer v. Rusetos & Co.,* 225 Ill. App. 37; *People v. Strause,* 290 Ill. 259; *Jeneary v. Chicago & I. Traction Co.,* 306 Ill. 392. The evidence in this case was in sharp conflict and it was of the utmost importance that the case should be substantially free from error. We do not know just what effect the visit of this juror may have had on this verdict, but the verdict is very substantial, and in view of the other errors which necessitate the reversal, we feel that the conduct of this juror should be criticized so that upon another trial there may not be similar error committed.

For the errors indicated the judgment will be reversed and the case remanded.

*Reversed and remanded.*