Robert Ingram, Plaintiff-Appellant, v. The New York Central Railroad Company, a Corporation, Defendant-Appellee.

Gen. No. 61–F–1.

Fourth District.

May 19, 1961.

Rehearing denied June 15, 1961.

Kenneth Green, of Mattoon (Thomas J. Logue, of counsel), for appellant.

Pope and Driemeyer, of East St. Louis, for appellee.

HOFFMAN, J.

This cause comes before us on an appeal from an order of the Circuit Court of Madison County, sustaining defendant New York Central Railroad Company's motion to dismiss the complaint filed by plaintiff, Robert Ingram. The action was one for damages for personal injuries sustained by plaintiff while engaging in wrecking certain structures on the premises of defendant Railroad Company.

Plaintiff, as one of the partners in the L. & R. Wrecking Company, executed a contract with defendant Railroad Company by the terms of which the Wrecking Company purchased and agreed to remove certain structures located on defendant's property at Mattoon and Midland, Illinois, for the sum of $800.00. One of the structures to be removed was a certain coal dock, and the bill of sale provided that the coal dock should be removed to ground level only. The complaint alleges that while the plaintiff was engaged in removing the coal dock that a certain steel beam which was set below ground level gave way below the ground level, causing the injuries to plaintiff.

In the written agreement there was a specific provision that the purchaser assumes all risk of loss, damage, or injury to person or property by reason of the condition of the structures, its location near to or adjoining the tracks of the railroad, and all damages, injuries, or death which may be caused by or in connection with the work of removing the property, and the purchaser expressly agreed to indemnify and save harmless the seller Railroad Company from all claims for any loss, damage, or death, whether caused or

456

contributed to by negligence on part of the Railroad Company, its agents, employees, or otherwise.

Plaintiff contends that the bill of sale contained an alleged release clause and indemnifying agreement, and that such agreement was against the public policy and should be held to be void; and that in particular, count two of the complaint should stand, for the reason that wilful and wanton misconduct is alleged, and any release or indemnifying agreement which releases one from liability for wilful and wanton misconduct, and gross neglect, is against public policy and void.

█ The agreement of plaintiff to assume the risk of injury to his person, and to indemnify defendant Railroad Company against the consequences thereof, was a valid agreement and would preclude recovery (Russell vs. Shell Oil Co., 339 Ill. App. 168, 89 N.E. 2d 415; Northern States Co., Inc. vs. A. Finkl & Sons Co., 8 Ill. App. 2d. 419, 132 N.E.2d 59; Aluminum Co. of America vs. Hully, 200 F. 2d. 257). An agreement of the character involved, which indemnifies one of the parties to the agreement against the consequences of his own conduct, is not contrary to public policy, but is valid under the laws of this State (Russell vs. Shell Oil Co., supra; Northern States Co., Inc. vs. A. Finkl & Sons Co., supra; O'Callaghan vs. Waller & Beckwith Realty Co., 15 Ill. App. 2d. 349, 356, 146 N.E.2d 198). These cases are distinguishable from those which purport to release a landlord from the consequences of neglect to his tenant, or a master from the consequences of neglect to his servant, where in some cases public policy may render such agreements void. The contract between a wrecking contractor and the owner, in the nature of an indemnity agreement, such as we have before us, is deemed to be a sound application of the principle of freedom of contract and not violative of public policy.

On the issue of the wilful and wanton allegation in count two of the complaint, plaintiff charged specifically that defendant was guilty of four acts of negligence, that is, (1) in maintenance of the concrete under the beam which fell on plaintiff; (2) permitting the concrete upon which the beam rested to become weakened and broken; (3) failure to warn plaintiff of the alleged condition of the concrete; and (4) permitting the subsurface below the concrete to become weakened and broken. The same similar allegations of neglect are made in count one, and the only variation in count two is to add the words, "wilful" and "wanton," to the charge. In Altpeter vs. Virgil State Bank, 345 Ill. App. 585, at 592, 104 N.E.2d 334, the Appellate Court found that neither of the counts stated a cause of action in that the complaint failed to allege facts from which the law would raise the duty, and that the allegation of wilful and wanton conduct in and of itself did not eliminate the necessity of pleading facts from which the law would raise a duty, and showing the omission of such duty and the resulting injury.

■■ The point under consideration is underlined in Burns vs. Chicago & Alton Railroad Co., 229 Ill. App. 170, at 185, and is to the effect that where the facts alleged do not show that it was the intention of defendants to inflict an injury, the characterization of the act as wilful will not make the complaint good, as charging wilful neglect. The allegations in the instant case amount to nothing more than a charge of neglect, and the addition of the words "wilful" and "wanton," does not change the allegations of fact relating thereto (Harris vs. Piggly Wiggly Stores, Inc., 236 Ill. App. 392, at 395).

The record shows that the coal dock in question was sold to plaintiff and his partners, who were in the wrecking and salvage business. There were no factual

allegations in either count of the complaint to show that defendant had any actual intent to injure plaintiff, or was guilty of wilful and wanton conduct relating thereto, or exhibited such a conscious or intentional disregard of the rights of others as to warrant the conclusion that injury was intended.

The agreement which plaintiff made has been sustained by the precedents in this State, as not being contrary to public policy. The order of the Trial Court dismissing plaintiff's complaint was proper and should be affirmed.

Affirmed.

CULBERTSON, P. J., and SCHEINEMAN, J., concur.