(No. 42816.—)

DANIEL MALONEY, Appellant, *vs.* ELMHURST PARK DISTRICT, Appellee.

*Opinion filed Nov. 18, 1970.—Rehearing denied Jan. 27, 1971.*

FRED LAMBRUSCHI, of Chicago, (HERBERT P. VELDENZ, of counsel,) for appellant.

PEREGRINE, STIME & HENNINGER, of Wheaton, (ROY I. PEREGRINE, of counsel,) for appellee.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Du Page County granting judgment on the pleadings in favor of defendant park district in an action seeking dam-

ages for personal injuries sustained by plaintiff, a minor, while he was playing in defendant's park facility. The constitutionality of a statute being involved, plaintiff's appeal from the trial court's judgment comes directly to this court. See our Rule 302. 43 Ill.2d R. 302.

The complaint alleges in substance that while plaintiff was playing on an "artificial hill" in Elmhurst Park, he fell and was severely injured. It is claimed that the defendant negligently allowed the hill to be and remain in a dangerous condition in that no fencing was provided around the hill, it was ungraded, and that rocks and other debris were allowed to remain thereon. As a proximate result of the defendant's negligence as thus averred, plaintiff fell and sustained injury. Defendant filed an answer to the complaint denying its substantive allegations, and subsequently filed a motion for judgment on the pleadings on the ground that under a provision of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, par. 3—106), local governmental entities could not be held liable for personal injury resulting from conditions existing in parks, playgrounds or open areas employed for recreational purposes in the absence of their willful and wanton negligence in causing the injury. Plaintiff thereupon filed a motion to amend his complaint to allege willful and wanton negligence, which motion was allowed. However, plaintiff subsequently filed a motion contesting the constitutionality of the provision of the Immunity Act in question, and asked that the order allowing the amendment of his complaint be vacated. The trial court vacated such order, and, after noting plaintiff's election to stand upon the allegations of the original complaint, entered judgment on the pleadings in favor of the defendant and against plaintiff. This appeal ensues.

Section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act here in question pro-

vides as follows: "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used as a park, playground or open area for recreational purposes unless such local entity or public employee is guilty of willful and wanton negligence proximately causing such injury." Ill. Rev. Stat. 1965, ch. 85, par. 3—106.

Plaintiff, relying principally upon our decision in *Harvey* v. *Clyde Park District,* 32 Ill.2d 60, asserts that the quoted legislation is violative of section 22 of article IV of the Illinois constitution as special legislation affecting a classification scheme bearing "no discernible relationship to the realities of life." (32 Ill.2d at 67; see also *Lorton* v. *Brown County Community Unit School District,* 35 Ill.2d 362.) It is further maintained that the legislation at issue deprives plaintiff of a remedy to which he is constitutionally entitled under section 19 of article II of the State constitution. We disagree. In *Harvey,* we held that a statute purporting to immunize park districts from tort liability while allowing it to attach to other governmental entities in similar circumsances and when they were performing similar functions amounted to invalid special legislation. We there observed that "* * * cities and villages, park districts, school districts and forest preserve districts, as well as the State itself, all maintain recreational facilities that are available for public use. If the child involved in the present case had been injured on a slide negligently maintained in a park operated by a city or village there is no legislative impediment to full recovery. If the child had been injured on a slide negligently maintained by a school district, or by the sovereign State, limited recovery is permitted. But if the child had been injured on a slide negligently maintained by a forest preserve district, or, as was actually the case, by a park district, the legislature has barred recovery. In this

pattern there is no discernable relationship to the realities of life." 32 Ill.2d at pp. 66-67.

The statute in question here applies equally to all local governmental entities, and comes into operation only where liability of a particular governmental entity is sought to be predicated upon the existence of a condition of public property maintained by it and intended or permitted to be used as a park, playground or open area for recreational purposes. By enactment of this statute the General Assembly has encouraged the development of and maintenance of parks, playgrounds, and other open areas to be used for recreational purposes in a manner which is in no way arbitrary, capricious or unreasonable. The wisdom of the legislation is a matter outside the purview of this court's inquiry, for as we observed in *Du Bois* v. *Gibbons,* 2 Ill.2d 392, 399, "There is always a presumption that the General Assembly and its committees acted conscientiously and did their duty in making a survey of the conditions prevailing in the municipalities of the State before enacting the classification legislation and the result will never be nullified by this court on the ground that its judgment might differ from that of the General Assembly. Only if it can be said that the classification is clearly unreasonable and palpably arbitrary will the courts act to hold the classifying enactment invalid."

We hold that the statute in question, in the context in which it is here attacked, is valid. Plaintiff's complaint being based upon charges of ordinary negligence, the circuit court properly entered judgment on the pleadings in favor of defendant, and the judgment must thus be, and is, affirmed.

*Judgment affirmed.*