CHERYL LYNN JARVIS, a Minor by Jerry Jarvis, her Father and Next Friend, Plaintiff-Appellant, *v.* THE HERRIN CITY PARK DISTRICT, Defendant-Appellee.

(No. 70-103;

Fifth District—June 9, 1972.

*Supplemental opinion upon denial of rehearing July 12, 1972.*

G. MORAN, P. J., dissenting.

Harris & Lambert, of Marion, for appellant.

August L. Fowler, of Fowler & Novick, of Marion, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Plaintiff-appellant, a minor, by her father and next friend, filed suit against defendant-appellee on October 24, 1969, as a result of injuries she received June 29, 1969, on a children's sliding board-jungle bars combination owned and possessed by defendant and located in a park operated by defendant. The first count of the complaint charged defendant with an utter indifference to or conscious disregard for plaintiff's safety, which directly and proximately caused injury to the plaintiff. The second count charged defendant with negligence proximately causing plaintiff's injuries. The omissions alleged in each count were the same and fell into two categories: paragraph 6 and sub-paragraphs a, b, and c of paragraph 7 of each count concerned a failure to supervise the use of the park; sub-paragraphs d, e and f of paragraph 7 concerned a failure to maintain the park in the proper condition.

Defendant filed a motion to dismiss the complaint on the ground that it did not state a cause of action. Defendant's motion included a motion to strike paragraph 6 and sub-paragraphs a, b and c of paragraph 7 of each count because they were based on an alleged duty of supervision which did not exist. Defendant also moved to strike sub-paragraphs b, c, d, e and f of paragraph 7 of each count because none of them charged defendant with wilful or wanton negligence in connection with the condition of the park. Finally, defendant moved that plaintiff be required specifically to allege that defendant's conduct was wilful and wanton if she intended to charge defendant with wilful and wanton negligence, and that plaintiff be required to allege the particular respects in which

the defendant allegedly failed to use reasonable care to maintain the sliding board in a reasonably safe condition.

Defendant based his motions on Ill. Rev. Stat. (1969) ch. 85, par. 3—106, which reads:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used as a park, playground or open area for recreational purposes unless such local entity or public employee is guilty of wilful and wanton negligence proximately causing such injury."

and par. 3—108(a) which reads:

"Except as otherwise provided by this Act and subject to subdivision (b) neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property."

On hearing the motion, the court upheld defendant's contentions. Count II was dismissed; paragraphs 6 and sub-paragraphs a, b, c of paragraph 7 of Count I were stricken; and the plaintiff was required to amend paragraph 7 of Count I so as to charge wilful and wanton negligence.

Plaintiff then submitted an amended complaint that averred substantially the same facts as the original complaint. (The counts were presented in reverse order, however, and the amended order is the manner in which they will be referred to in this opinion.) Defendant filed substantially the same motion to dismiss, again relying on Chapter 85, sections 3—106 and 3—108, Illinois Revised Statutes (1969). The trial court dismissed the portion of plaintiff's complaint averring negligence and the failure to supervise, and ordered plaintiff to amend the allegations in Count II based on an alleged condition of the property so as specifically to charge defendant with wilful and wanton negligence.

Plaintiff elected to stand upon her complaint and the court struck the subparagraphs based upon an alleged condition of the property. All charging paragraphs having been stricken, the court found that neither count stated a cause of action and each was ordered dismissed. Plaintiff refused to seek leave to amend and the court entered judgment in favor of the defendant and against the plaintiff.

The plaintiff raises a number of contentions on this appeal. Initially, she argues here for the first time that Sections 3—106 and 3—108 are unconstitutional in that they violate both the equal protection and due process clauses of the fourteenth amendment to the U.S. Constitution and the special legislation prohibition of the former Illinois Constitution.

However, the defendant points out that the plaintiff failed to raise any constitutional arguments before the trial court and therefore argues that she is now precluded from raising the issue before the Appellate Court.

The principle has been clearly stated by the court in *Zehender & Factor, Inc. v. Murphy* (1944), 386 Ill. 258, 53 N.E.2d 944, at 946:

"It has been many times held by this court that the question of the constitutionality of a statute cannot be properly raised for the first time in this court, but must have been called to the attention of the trial court and ruled upon by it, and the person challenging its validity must have preserved proper exceptions to such rulings. [Citations omitted.] Assignments of error must be based on the record itself and not merely upon arguments of counsel or upon the fact that the question might have been raised in the pleadings or during the trial."

Furthermore, in a similar case, (*Meyers v. Board of Ed.* (1970), 121 Ill.App.2d 186, 257 N.E.2d 183), the Court refused to consider arguments that Ill. Rev. Stat. Ch. 85, par. 2—107, precluding the liability of a local public entity for libelous or slanderous actions by its employees, was unconstitutional. In that case, the trial court had dismissed the plaintiff's complaint alleging a slanderous statement by an employee of the Board of Education, after a motion by the defendant citing the statute. After noting that the plaintiff was arguing the constitutionality, for the first time on appeal, the court cited numerous decisions holding that the question of the constitutionality of a statute cannot be raised for the first time in a court of review.

Finally, in *Maloney v. Elmhurst Park Dist.* (1970), 47 Ill.2d 367, 265 N.E.2d 654, the Court considered the constitutionality of the statutes in question in this case. However, in that case, after the plaintiff's complaint was dismissed, he subsequently filed a motion contesting the constitutionality, on which the trial court had ruled. In a recent criminal case, (*People v. Amerman,* 50 Ill.2d 196, 279 N.E.2d 353), our Supreme Court has held that the question of constitutionality of a statute cannot be properly raised for the first time in a court of review.

In the present case, there is nothing in the record to indicate that the question was presented below. Nor does the plaintiff argue now that the issue was presented below. Accordingly, the issue has not been properly preserved for review, and we do not reach the question of the constitutionality of sections 3—106 and 3—108. We find that the trial court properly dismissed those portions of the complaint averring negligence and the failure to supervise, since par. 3—106 bars suits based upon negligence and par. 3—108 eliminates liability based upon a failure to supervise.

■■ The plaintiff next argues that the trial court erred in dismissing

those subparagraphs of Count II which alleged "Utter Indifference to and Conscious Disregard for", instead of Wilful and Wanton. The trial court, in ordering plaintiff to amend her complaint to allege "wilful and wanton negligence", seems to have been acting under the theory that plaintiff could state a cause of action under the statute only by such an allegation, using the words of the statute itself. We do not agree. "In stating a cause of action which is derived from a statute, it is not necessary, in alleging the facts which bring plaintiff within it, to use the exact words of the statute, words of equivalent import being equally proper if it appears, from a reasonable interpretation of the allegations, that the redress sought for falls squarely within the purview of the statute." 71 C.J.S. Pleading, par. 86(c).

■■ This rule is supported in Illinois by the terms of the Civil Practice Act. Pleadings are to be liberally construed and substantial averments of fact remain essential to stating a cause of action. "A statute or ordinance must be construed according to its intent and meaning and a situation which is within the object, spirit, and meaning of the statute is regarded as within the statute, although not within the letter; * * *." *McGill v. 830 S. Michigan Hotel* (1966), 68 Ill.App.2d 351, 216 N.E.2d 273, at 277.

■■ As noted by the court in *Hale v. Gruesen* (1959), 22 Ill.App.2d 465, 469, 161 N.E.2d 345, "The essential test of a complaint is that it inform the defendant of a valid claim." Plaintiff in the instant case has, by pleading "utter indifference to and conscious disregard for", more accurately informed defendant of the nature of the claim which it is called upon to meet than if she had pleaded "wilful and wanton negligence".

■■ "Wilful and wanton negligence" is a term which has been turned to a variety of meanings. It has long been recognized in Illinois that the term includes conduct which is not in fact wilful but is of a nature that a presumption of wilfulness or wantonness is justified. In *Russell v. Cleveland, C. C. and St. L. Ry. Co.* (1912), 169 Ill.App. 149, 155, the court reversed a judgment for plaintiff who had been contributorily negligent. "There is nothing in this record that shows any purpose or disposition upon the part of the servants of the defendant showing such a gross want of care and regard for the rights of others as to justify the presumption of wilfulness or wantonness."

Subsequent decisions have construed "wilful and wanton" equally broadly. Such conduct was characterized in *Krug v. Walldren Express & Van Co.* (1919), 214 Ill.App. 18, 24 as "such a lack of care for the rights of others as implies either a disregard of consequences or a willingness to inflict injury, which conduct constitutes wilful negligence, notwithstanding the absence of the element of ill-will toward the injured plain-

tiff." The court added that "where there is an entire absence of care for the life, person, or property of others, exhibiting indifference to disastrous consequences, it is wilful."

Similarly, the court in *Richardson v. Franklin* (1925), 235 Ill.App. 440, 447, described wilful and wanton negligence as "such gross, unreasonable negligence as to indicate a total disregard of consequences and an indifference to others, or such as to indicate an utter disregard for the safety and lives of others."

The wilful and wanton negligence standard appearing in the tort immunity statute at issue here can be compared with the standard for liability involved in *Barmann v. McConachie* (1937), 289 Ill.App. 196, 6 N.E.2d 918, 920, in which the automobile guest statute precluded recovery for conduct not wilful and wanton. The court held that the defendant obviously did not intend to injure the plaintiff. "(B)ut his conduct showed such an intentional disregard of the duty that rested upon him to exercise care and such a conscious indifference to the consequences that might follow from his act that the jury could readily find him guilty of wilful and wanton misconduct."

The loose construction of "wilful and wanton" that characterizes the law today is clear in *Spivack v. Hara* (1966), 69 Ill.App.2d 22, 216 N.E.2d 173, 175. The court denied indemnity to one tort-feasor against another who had been charged with and found guilty of wilful and wanton misconduct. "The words wilful and wanton * * * no longer have the connotation of wilfulness or even utter lack of restraint, but have been used to define a vague and somewhat shadowy area close to ordinary negligence. They do not imply that the defendant *intentionally* disregarded the safety of another * * *."

● 7 From the language of these opinions it is apparent that "wilful and wanton negligence" encompasses a variety of conduct. Not only does plaintiff's allegation of "utter indifference to and conscious disregard for" plaintiff's safety partake of the broad nature of "wilful and wanton" but it also actually informs the defendant more accurately of the claim it is called upon to meet. To construe the statute as requiring more than has been pleaded here would be to pursue a distinction which does not exist in law.

Defendant argues that the trial court's dismissal of this action is to be viewed as a sanction permissibly imposed when plaintiff failed to amend her petition to read "wilful and wanton". However, in each case which defendant has cited the Appellate Court reviewed the trial judge's original order and found no error; in each it is clear that the subsequent dismissal was intended to have a disciplinary effect. The instant case is clearly distinguishable in both of these respects.

The trial judge's authority in this area is contained in the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 42(1)), which reads:

"(1) If any pleading is insufficient in substance or form the court may order a fuller or more particular statement. If the pleadings do not sufficiently define the issues the court may order other pleadings prepared."

Since we have held that plaintiff's allegations of utter indifference and conscious disregard did effectively and sufficiently state a cause of action under 3-106, it would seem that the courts order to amend had no basis. In submitting substantially the same complaint, plaintiff was merely standing on the sufficiency of the allegations she had already made.

It would also appear that the trial judge did not specifically intend his subsequent striking of certain paragraphs and the resulting dismissal of Count II to have a disciplinary effect. Before he entered judgment against plaintiff he gave her another opportunity to seek leave to amend. When she declined, he was compelled by his interpretation of the law to enter the judgment against her.

The facts of this case seem to be more amenable to comparison with *People for Use of Jones v. Leviton* (1945), 327 Ill.App. 309, 64 N.E.2d 195, than with any of the cases cited by defendant. In that case defendants moved to dismiss for misjoinder of the parties, misjoinder of counts, and insufficiency of certain paragraphs because they set forth conclusions of law and fact. The Appellate Court felt free to find error in the lower court's order sustaining defendant's motion, because, as it concluded:

"While it is of course the rule that if a complaint is stricken and the plaintiff does not ask leave to amend same but elects to stand thereon, the court may dismiss the suit, it is also the rule that where a plaintiff elects to abide by his stricken complaint and the dismissal of his suit follows, he is entitled to have the sufficiency of such complaint reviewed on appeal." 64 N.E.2d 198.

■■ In the instant case plaintiff apparently elected to stand on her complaint although according to the interpretation of the law made by the trial judge it was insufficient to state a claim. She is entitled to have that issue reviewed by this Court.

Defendant argues finally that the judgment of the trial court should be affirmed since those sub-paragraphs of the complaint alleging utter indifference and conscious disregard do not state *facts* sufficient to state a cause of action based upon wilful and wanton conduct. Count II of the amended complaint alleged:

"5. That while plaintiff, Cheryl Lynn Jarvis, was at said park she climbed up the sliding board and while attempting to take hold of the

railing or bars at the top of the sliding board slipped and fell to the ground, thereby sustaining serious injuries as hereinafter set forth * * *.

7. Defendant, the Herrin City Park District, by and through its agents and servants, was then and there guilty of one or more or all of the following acts which showed an utter indifference to or conscious disregard for the safety of the plaintiff: * * *

(d) Failed to maintain the sliding board in a reasonably safe condition for persons using it, including the plaintiff.

(e) Failed to inspect and repair the worn and slippery board.

(f) Failed to provide adequate railing on the top platform of the sliding board-jungle bars combination."

■■■ It is well settled in Illinois that, in order to withstand a motion to dismiss, a complaint must contain sufficient averments of *fact* to state a cause of action. (*Stenwall v. Bergstrom* (1947), 398 Ill. 377, 75 N.E.2d 864.) Furthermore, "motions to dismiss admit facts well pleaded, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest". *Washington v. Courtesy Motor Sales, Inc.* (1964), 48 Ill.App.2d 380, 199 N.E.2d 263, at 264. *Burr v. State Bank of St. Charles* (1951), 344 Ill.App. 332, 100 N.E.2d 773.

In *Ingram v. New York Central R.R. Co.* (1961), 30 Ill.App.2d 455, 175 N.E.2d 129, (Petition for leave to appeal denied) the plaintiff alleged four acts of negligence in Count I. The only variation in Count II was the addition of the words "wilful and wanton". The court affirmed the trial court's dismissal, emphasizing at 175 N.E.2d 129-130:

"The allegations in the instant case amount to nothing more than a charge of neglect, and the addition of the words 'wilful' and 'wanton', does not change the allegations of fact relating thereto. [Citing cases.]

There were no factual allegations in either count of the complaint to show that defendant had any actual intent to injure plaintiff, or was guilty of wilful and wanton conduct relating thereto, or exhibited such a conscious or intentional disregard of the rights of others as to warrant the conclusion that injury was intended."

The allegations were the maintenance of the concrete under the beam which fell on plaintiff, permitting the concrete to become weakened and broken, failure to warn plaintff of the condition, and permitting the subsurface below the concrete to become weakened. See also *Altepeter v. Virgil State Bank* (1952), 345 Ill.App. 585, 104 N.E.2d 334, and *Chimerofsky v. School District No. 63*, 121 Ill.App.2d 371, 257 N.E.2d 480.

■■ In the present case, the plaintiff has alleged that certain omissions showed defendant's utter indifference to or conscious disregard for the

safety of the plaintiff. But we can find nothing in the allegations of *fact* which, if proven, would show the defendant was utterly indifferent to or consciously disregarded the safety of the plaintiff. While the allegations of fact may have been sufficient to constitute negligence, they are not sufficient to show wilful and wanton conduct. For want of such factual allegations that count of the complaint must be adjudged insufficient.

Accordingly, the judgment of the trial court is affirmed.

JONES, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN dissenting:

The contention that the wilful and wanton count of the complaint did not contain allegations of fact sufficient to show wilful and wanton misconduct was not made in the trial court and therefore should not be considered here. However, assuming that this contention was made in the trial court, I still believe that the complaint stated a cause of action on the wilful and wanton count.

## SUPPLEMENTAL OPINION UPON DENIAL
## OF MOTION FOR REHEARING

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

 In the petition for rehearing plaintiff has urged that since defendant pled the statutes, defendant put into issue the validity of the statute pled, and that the trial court, since it relied on the statute as grounds for the dismissal, impliedly upheld the constitutionality thereby raising the constitutional question in the trial court. Plaintiff then contends that under the doctrine of *Muscarello v. Peterson,* 20 Ill.2d 548, 170 N.E.2d 564, this Court has a duty to consider the constitutional question in order to protect the rights of the infant plaintiff. In that case not only were the rights of an infant involved, but unlike the present case, there was "affirmative misconduct by the insurer of the opposite party". Here the lack of attack on the constitutionality of the statute was not invited by any wrongdoing on the part of the opposing party and there was not any act "calculated to deceive the plaintiff and her counsel". We therefore, do not consider *Muscarello* sufficiently in point, and consider failure to make a constitutiinal attack below more than a technicality of procedure; and in view of the position of our Supreme Court in *People v. Amerman,* 50 Ill.2d 196, 279 N.E.2d 353, as well as earlier cases cited, in our opinion, do not consider that there is a lack of substantial justice in our refusing to review the constitutional question initially raised in this Court.

526

Our review of the attack on plaintiff's pleadings by the motions of the defendant satisfies us that defendant's motions adequately raised the question of the lack of averment of facts, sufficient to state a cause of action.

JONES, J., concurs.

G. MORAN, P. J., dissents.