John T. Meyers, Plaintiff-Appellant, v. Board of Education of the City of Chicago, a Body Politic and Corporate, and Joseph C. Murphy, Defendants-Appellees.

Gen. No. 53,430.

First District, Fourth Division.

February 25, 1970.

Merwin Auslander, of Chicago, for appellant.

James W. Coffey, of Chicago (John T. Mehigan and Richard E. Girard, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This was an action brought by the plaintiff, an employee of the Board of Education of the City of Chicago, against the Board and its Director of Civil Service Personnel, Joseph Murphy, to recover damages alleged to have been sustained by a slanderous statement made by Mr. Murphy. The complaint alleged that on March 14, 1968, at 10:00 a. m. at the offices of the Board of Education in the presence of other persons Mr. Murphy committed the following slander against the plaintiff: "You are a con man, Oh, yes, you are, you are a con man and a professional con man."

Defendants filed a motion to strike the complaint and dismiss the action pointing out that the action was expressly barred by Ill Rev Stats 1967, c 85, § 2–107, which provided:

> A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous.

The motion further stated:

> 3. The complaint alleges in paragraphs 2 and 5:
>
> "2. That the defendant, JOSEPH C. MURPHY, at all times mentioned herein was the agent and employee of the defendant, BOARD OF EDUCATION, CITY OF CHICAGO, and held the title of Director of Civil Service Personnel."
>
> "5. That at the time said JOSEPH C. MURPHY made the aforementioned statements, he was acting as the duly authorized agent and employee and within the scope of his employment of the Board of Education, City of Chicago."
>
> The complaint therefore shows on its face that the action is expressly barred as to the defendant Mur-

187

phy by c 85, § 2–201, Ill Rev Stats 1967, which provides as follows:

"Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

4. The complaint shows on its face that the alleged statement, if made, was spoken while said defendant Murphy "was acting as the duly authorized agent and employee and within the scope of his employment of the Board of Education, City of Chicago" and said statement was therefore absolutely privileged for which reason plaintiff's complaint fails to state a cause of action.

After hearing arguments on the motion the court granted defendants' motion to strike the complaint and dismiss the action. It is from this order that plaintiff appeals.

On appeal plaintiff contends that (1) sections 2–107 and 2–201 of chapter 85 of the Ill Rev Stats are unconstitutional and (2) the words spoken by Mr. Murphy were slanderous per se. Defendants argue that plaintiff's contention alleging that sections 2–107 and 2–201 are unconstitutional should be stricken from his brief since the Appellate Court is without jurisdiction to determine the matter and that a transfer to the Supreme Court would be futile because the constitutionality of these sections was not raised in the trial court and the argument is made for the first time on appeal. Defendants also argue that the words spoken by defendant Murphy were not slanderous per se.

Plaintiff contends for the first time on appeal that sections 2–107 and 2–201 of the Local Governmental and Governmental Employees Tort Immunity Act are un-

constitutional. Supreme Court Rules 302 and 365 provide, in part:

Rule 302. Direct Appeals to the Supreme Court.

(a) Cases Directly Appealable.

Appeals from the final judgments of circuit courts shall be taken directly to the Supreme Court . . . in cases involving a question arising under the constitution of the United States or of this State. . . .

· · · · · ·

Rule 365. Appeal to Wrong Court.

(b) Transfer.

If a case is appealed to either the Supreme Court or the Appellate Court which should have been appealed to the other, the case shall be transferred to the proper court, . . . .

In People ex rel. Toman v. Belmont Radio Corp., 388 Ill 11, 57 NE2d 479, the appellant, Belmont Radio Corporation, attempted to argue the constitutionality of a statute for the first time on appeal. The Supreme Court, at page 19, held:

"[T]he question is not preserved so that it may be considered on this appeal. As previously stated, there is nothing in the record to show that the constitutional question was passed upon by the trial court. . . . In absence of something in the record to show the constitutional question was called to the attention of the court and a ruling obtained, there is no basis for assigning error on such question.

"The rule is well settled that the question of the constitutionality of a statute can not be raised for the first time in a court of review. In order for

this court to pass upon a constitutional question the record must disclose that the objection was called to the attention of the trial court and ruled upon by it. (Cummings v. People, 211 Ill 392, Griveau v. South Chicago City Railway Co., 213 Ill 633; Moses v. Royal Indemnity Co. 276 Ill 177.) Errors assigned upon constitutional questions must, like other assignments of errors, be based upon the record itself. . . .

"The constitutional questions are not reviewable."

In a more recent case, Terrill v. City of Chicago, 72 Ill App2d 286, 294, 219 NE2d 705, the plaintiff also sought to raise constitutional issues for the first time on appeal in this court and the court held:

Appeals from final judgments of circuit courts shall be taken directly to the Supreme Court in cases involving a question arising under the constitution of this State. (Ill Rev Stats 1965, c 110, § 101.28–1.) Since this is an appeal from a final judgment of the circuit court involving a question arising under the constitution of this State, the appellate court does not have jurisdiction to hear the same. The defendant, Catholic Bishop of Chicago, has moved to strike all constitutional issues raised in this appeal. The plaintiff has asked in the alternative that the constitutional issues be transferred to the Supreme Court. While under present law the appellate court is given authority to transfer to the Supreme Court, in our opinion such a transfer would be futile. Since the constitutional issues raised on this appeal were not raised in the trial court, the Supreme Court would not consider them. Village of Lansing v. Hacker, 7 Ill2d 258, 130 NE 2d 265; People v. Estep, 409 Ill 125, 97 NE2d 823. The Supreme Court of Illinois has repeatedly held

that it will not decide constitutional questions which have not been raised in the trial court. The defendant, Catholic Bishop of Chicago, has moved to strike all constitutional issues raised in this appeal and the same are stricken.

The defendants have moved to strike all reference made by the plaintiff to the constitutionality of sections 2–107 and 2–201 in the appeal and they are stricken.

Therefore, as sections 2–107 and 2–201 expressly bar the plaintiff's action against the Board and Mr. Murphy, as Director of Civil Service Personnel for the Board, we find that the trial court properly granted defendants' motion to strike the complaint and dismiss the action.

Having reached the aforementioned conclusion, it is unnecessary for us to discuss plaintiff's other contention.

The judgment is affirmed.

Affirmed.

STAMOS, P. J. and ENGLISH, J., concur.