GUST J. CHRISAFOGEORGIS, as Admr., Plaintiff-Appellant, *v.* RICHARD BRANDENBERG *et al.*, Defendants-Appellees.

(No. 54263; )

First District—January 28, 1972.

Karlin, Karlin & Fleisher and Miller & Ribstein, both of Chicago, (Barry M. Woldman, of counsel,) for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (D. Kendall Griffith, of counsel,) for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed a two count complaint to which defendants answered and subsequently petitioned the court for summary judgment. The court granted summary judgment in favor of defendants on count two of the complaint and found that there was "no just reason to delay enforcement of or appeal from this judgment and order."

Count two of the complaint alleged in substance that the negligence of defendants in the operation of an automobile which struck Domna Chrisafogeorgis, who was in her 36th week of pregnancy with Baby Boy Chrisafogeorgis, caused the death of Baby Boy Chrisafogeorgis prior to birth.[1] In reply to defendants' "Request to Admit Facts" plaintiff stated that the "child" was viable and was, as a result of injuries sustained in the occurrence out of which this cause of action arises, determined to be dead at the time of emergency surgery on the mother. Defendants filed

---

[1] Count one of the complaint related to the injuries allegedly incurred by Domna Chrisafogeorgis.

a motion for summary judgment, which stated that an action may not be maintained for the wrongful death of a fetus unless that fetus is born alive and subsequently dies. The motion was granted and plaintiff appealed to this court.

This court is thus asked to determine whether a cause of action exists for the wrongful death of a viable fetus where that fetus is born dead as a result of prenatal injuries.

Examination of the Wrongful Death Act, Ill. Rev. Stat 1965, ch. 70, par. 1,[2] reveals that recovery is allowed for the death of a person if the injured party could have maintained an action and recovered damages had he survived. Thus, initial inquiry must be made to determine whether the deceased could have successfully maintained a cause of action had he lived. See *Clarke v. Storchak* (1943), 384 Ill. 564, 571-572 and *Little v. Blue Goose Motor Coach Co.* (1931), 346 Ill. 266, 271.

Since the decision of the Supreme Court in *Amann v. Faidy* (1953), 415 Ill. 422, 432 the courts in Illinois have allowed recovery for prenatal injuries incurred by a fetus subsequently born alive. (See also *Daley v. Meier* (1961), 33 Ill.App.2d 218, 224 and *Sana v. Brown* (1962), 35 Ill. App.2d 425, 426.) It is therefore apparent that if the fetus had survived to be born alive he would have been able to maintain a cause of action for his injuries incurred prior to birth.

The only question remaining is whether a fetus, in its 36th week of gestation, acquired legal personality thereby bringing it within the language of the act which requires "the death of a person" as a prerequisite for recovery thereunder. Specifically, this court must determine whether a viable fetus is a "person."

In *Endresz v. Friedberg* (1969), 24 N.Y.2d 478, 248 N.E.2d 901, a case which considered the same issue that confronts this court, the court stated at 248 N.E.2d 903, "Before there may be a 'decedent', there must, perforce, be birth, a person born alive * * *." The court went on at 248 N.E.2d 904 to state:

In other words, even if, as science and theology teach, the child begins a separate "life" from the moment of conception, it is clear that, "except in so far as is necessary to protect the child's own rights" [Citation], the law has never considered the unborn foetus as having a separate "juridical existence" [Citation] or a legal personality or identity "until

---

[2] "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

it sees the light of day." [Citation] Indeed, one court has noted that, although a child *en ventre sa mere* may inherit, a still born child may not pass his estate to heirs or next of kin and there is no way that next of kin may assert a right to share in the child's inchoate estate. [Citation] Translated into tort law, this means that there is but a "conditional prospective liability * * * created when an unborn child * * * is injured" through the wrongful act of the defendant, and such liability attaches only upon fulfillment of the condition that the child be born alive. [Citation]

In *State v. Dickinson* (1971), 28 Ohio St.2d 65, 275 N.E.2d 599, the Supreme Court of Ohio discussed the criminal responsibility of a defendant who had caused a viable fetus to be aborted. In doing so the court had to determine whether a viable fetus was a "person" within its vehicular homicide statute.[3] At 275 N.E.2d 601 the Court stated:

The common law status of an unborn child is best described by the oft-quoted statement of Coke in the mid-17th century: "If a woman be quick with childe, and by a potion or otherwise killeth it in her wombe, or if a man beat her, whereby the childe dyeth in her body, and she is delivered of a dead childe, this is great misprision, and no murder; but if the childe be born alive and dyeth of the potion, battery, or other cause, this is murder; for in law it is accounted a reasonable creature, *in rerum natura,* when it is born alive." 3 Coke, Institutes 58 [1648].

Although plaintiff calls our attention to the medical and biological fact that life and the ability of the fetus to exist separate from its mother begins at some time prior to birth, the fetus does not become a "person" as that term is ordinarily understood until the instant of birth. It is from that point on that the court may, without indulging in fiction, consider the existence of the child to be of such a character so as to assign to it the status of "person" for the purpose of affording its personal representative a right of action under the Wrongful Death Act. Thus, our consideration of the cited cases [4] and numerous other authorities leads us to the conclusion that a viable fetus, although it might be capable of an existence separate and apart from its mother, is not a "person" as that term is used in the Act.

Moreover, the Supreme Court in *Amann v. Faidy* (1953), 415 Ill. 422, 432 though treating an action on behalf of an after-born live child, used language which specifically limited recovery in prenatal injury cases to a fetus thereafter born alive. This limitation was recognized in *Rapp v.*

---

[3] R. C. Par. 4511.181

[4] A discussion of cases which have considered the issue which is presented to this court may be found at 15 A.L.R.3d 992.

*Hiemenz* (1969), 107 Ill.App.2d 382, 386. (See also *Daley v. Meier, supra,* and *Sana v. Brown, supra.*) In the *Rapp* case the court held, at page 388, that a wrongful death action does not lie when a non-viable fetus is injured and is subsequently born dead. (The fact of non-viability in this regard we consider to be of no consequence, for the reasons stated in *Daley* and *Sana, supra.*)

■■ Accordingly, we hold that the Wrongful Death Act does not impose liability upon one who causes a fetus to be born dead.[5] In so doing we recognize that a number of courts have held otherwise but find those cases unpersuasive.

■■ Plaintiff also contends that the construction of the Wrongful Death Act which allows recovery for prenatal injuries where the child is born alive but forecloses such recovery where the child is born dead, contravenes the equal protection clauses of the Illinois and United States Constitutions. Plaintiff, however, cannot avail himself of this argument on appeal as it had not been raised in the trial court. *Meyers v. Board of Education* (1970), 121 Ill.App.2d 186, 188-191.

We, therefore, affirm the order of the trial court in granting summary judgment in favor of defendants on count two of the complaint.

The judgment is affirmed.

Judgment affirmed.

ENGLISH and DRUCKER, JJ., concur.

---

[5] In reaching this conclusion we have given no attention to the fact that as a matter of proof it might well be impossible to establish "pecuniary loss" which is the limit of damages under the statute.