31 Ill. App.3d 133 (1975)
334 N.E.2d 187
In re BETH ANN EINBINDER, a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
DEBORAH TARADASH, Respondent-Appellant.)
No. 60726.
Illinois Appellate Court  First District (5th Division).
July 25, 1975.
*134 Mark K. Schoenfeld and Barbara Caulfield, both of Northwestern Legal Assistance Clinic, of Chicago, for appellant.
Bernard Carey, State's Attorney, of Chicago (Fredric B. Weinstein, Assistant State's Attorney, of counsel), for the People.
Mandel, Lipton and Stevenson, Ltd., of Chicago (Richard L. Mandel and Jack K. Levin, of counsel), for intervenor Jewish Children's Bureau.
Judgment affirmed.
Mr. JUSTICE LORENZ delivered the opinion of the court:
Respondent, Deborah Taradash, appeals from an order declaring her an unfit parent, terminating her parental rights and responsibilities, and appointing a guardian to consent to the adoption of her daughter Beth Ann Einbinder. She contends that the trial court erred in finding her unfit and in terminating her parental relationship with Beth Ann because: (1) section 1(D)(b) of the Adoption Act is unconstitutional[*] (Ill. Rev. Stat. 1973, ch. 4, par. 9.1-1(D)(b).), and (2) no finding of neglect was made as required by the terms of section 1(D)(l) of the Illinois Adoption Act.[**] Ill. Rev. Stat. 1973, ch. 4, par. 9.1-1(D)(l).
On December 9, 1965, respondent's 4-year-old daughter, Beth Ann Einbinder, was found to be a dependent person and was placed in the custody of the Department of Children and Family Services. The court determined that respondent was unable to care for, protect, train, educate, control, or discipline Beth Ann.
Three years later, on January 27, 1969, respondent filed the first of several supplemental petitions seeking to regain custody of Beth Ann. Other petitions were filed on August 18, 1969, February 16, 1970, February *135 16, 1971, and November 21, 1973. These petitions were all dismissed, frequently as a result of respondent's failure to appear.
On December 5, 1973, 8 years after Beth Ann was found to be a dependent person, the State petitioned the court for the appointment of a guardian with the right to consent to adoption. The petition alleged that respondent had "failed to maintain a remarkable amount of interest, concern and responsibility as to the child's welfare" and "failed to make reasonable efforts to correct the conditions which were the basis for the removal of the child from her parents or to make reasonable progress toward the return of the child to her parents within twenty-four months after an adjudication of neglect." Respondent then filed another petition to regain custody of her child.
On March 22, 1974, an evidentiary hearing was held and again respondent failed to appear. After hearing evidence of respondent's frequent failure to visit Beth Ann when visits were arranged and of her frequent failure to appear on petitions she had initiated, the trial court found respondent unfit and terminated her parental rights and responsibilities under section 5-9 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705-9). It specifically found:
"1. That on December 9, 1965, this Honorable Court placed the minor respondent BETH ANN EINBINDER under the guardianship of a person other than her parents following a finding of neglect.
2. That since that time the respondent parents have failed to make reasonable progress towards the return of the minor respondent to their custody, and they are therefore unfit within the meaning of Section 5-9 of the Juvenile Court Act.
3. That since that time the respondent parents have failed to maintain a reasonable amount of interest, concern and responsibility as to the child's welfare, and are therefore unfit within the meaning of Section 5-9 of the Juvenile Court Act.
4. It is in the best interests of the minor that a guardian be appointed with the right to consent to the adoption of the minor."

OPINION
 1 Before a parent's rights and responsibilities over a child may be terminated, a court must find him or her "unfit." (Ill. Rev. Stat. 1973, ch. 37, par. 705-9.) Unfitness has a specific legal meaning which encompasses several mutually exclusive grounds. (See Ill. Rev. Stat. 1973, ch. 4, par. 9.1-1(D).) Any one of those grounds will sustain a finding of unfitness. In the instant case, the trial court relied upon two of those *136 statutory grounds in finding respondent unfit: (1) Section 1(D)(b) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1-1(D)(b); see finding number 2) and (2) section 1(D)(l) of the Adoption Act. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1-1(D)(l); see finding number 3.) If proper, either of the grounds relied upon by the trial court will support its ruling.
The only question respondent has raised regarding the court's first ground for finding her unfit is that section 1(D)(b) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1-1(D)(b)) is unconstitutional. She contends that the section is vague and deprives her of her parental rights without sufficient cause. Section 1(D)(b) defines unfitness to mean: "Failure to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare." We note that while respondent now challenges the constitutionality of section 1(D)(b), she failed to raise that issue in the trial court. It had no opportunity to rule on this question. The trial court was obliged to base its determination only upon what was presented at trial. Respondent's failure to raise this issue at trial precludes her from raising it for the first time on appeal. People ex rel. Toman v. Belmont Radio Corp., 388 Ill. 11, 57 N.E.2d 479; Meyers v. Board of Education, 121 Ill. App.2d 186, 257 N.E.2d 183.
 2 In addition, we note that while this court has reversed findings of unfitness based upon section 1(D)(b) where the evidence did not support such a finding, in the instant case the evidence presented at trial is sufficient to support the findings of the court; respondent frequently failed to attend court proceedings she had initiated; she failed to visit Beth Ann even after special visits had been arranged; and she ignored the child for long periods of time.
The trial court properly found respondent unfit based upon section 1(D)(b) of the Adoption Act, and therefore we need not consider its findings on section 1(D)(l) of the Act.
The judgment is affirmed.
Affirmed.
BARRETT, P.J., and DRUCKER, J., concur.
NOTES
[*] Section 1(D) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1-1(D) (b) and (l)) in applicable part provides:

"D. `Unfit person' means any person whom the court shall find to be unfit to have a child sought to be adopted, the grounds of such unfitness being any one of the following:
* * *
(b) Failure to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare;
* * *
(l) Failure to make reasonable efforts to correct the conditions which were the basis for the removal of the child from his parents or to make reasonable progress toward the return of the child to his parents within twenty-four months after an adjudication of neglect under Section 2-4 of the Juvenile Court Act."
[**] Id.