CINDY BAGGIO, Plaintiff-Appellant, v. CHICAGO PARK DISTRICT, Defendant-Appellee.

First District (2nd Division)   No. 1—95—3388

Opinion filed June 30, 1997.

Rock, Fusco, Reynolds, Crowe & Garvey, Ltd., and Daniel J. Downes, P.C. (Brian L. Crowe, Mara S. Georges, and Daniel J. Downes, of counsel), both of Chicago, for appellant.

Nelson A. Brown, Jr., of Chicago Park District, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Cindy Baggio brought suit against defendant, the Chicago Park District (the Park District), and her husband, Michael Baggio, to recover damages for injuries she sustained on a stardock located in Diversey Harbor. This appeal concerns only plaintiff's claims against the Park District. Plaintiff claimed in count I of her complaint that the Park District negligently constructed and maintained the stardock and in count II that the Park District willfully and wantonly constructed and maintained the stardock. The trial court granted summary judgment in favor of the Park District on count I of plaintiff's complaint. Plaintiff appeals and we affirm.

Plaintiff claimed in her complaint that on July 3, 1990, she was assisting her husband as he attempted to back his powerboat out of his mooring on stardock X at Diversey Harbor. Plaintiff placed her hand and arm between the stardock and the edge of the boat, resulting in injury to her hand and arm.

Plaintiff claimed that the Park District was negligent in failing to equip the stardock with uprights or cushions, which would have assisted in boat handling and would have eliminated the need to place hands, or other body parts, between the docks and heavy vessels. Plaintiff asserted that section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3—106 (West 1992)) did not apply to her negligence claim because the Park District, in charging a user fee for the harbor, was not exercising governmental power but, rather, was exercising its proprietary power.

The Park District filed a motion for summary judgment arguing

that it had no duty to refrain from negligence, since section 3—106 of the Tort Immunity Act granted it recreational property immunity and because the operation of the harbor is not a proprietary activity. The trial court initially denied the Park District's summary judgment motion. The Park District then brought a motion to reconsider, and the court reversed its ruling, reasoning that because the property was recreational, section 3—106 of the Tort Immunity Act immunized the Park District from a negligence action. It is from this order that plaintiff appeals.

■ In *In re Chicago Flood Litigation*, 176 Ill. 2d 179 (1997), the Illinois Supreme Court recently determined that the governmental/proprietary function does not preclude application of the Tort Immunity Act. Plaintiff therefore concedes her argument that the Tort Immunity Act is inapplicable because the Park District's operation of the harbor system was a proprietary interest.

■ Plaintiff claims, however, that liability should nonetheless be imposed upon defendant under the Recreational Use of Land and Water Areas Act (Recreational Use Act) (745 ILCS 65/1 *et seq.* (West 1994)). Plaintiff claims that the Recreational Use Act is applicable to this case, rather than the Tort Immunity Act. The Recreational Use Act provides that an owner of land does not owe a duty of care to keep the premises safe for entry or use by persons for recreational or conservation purposes, or to warn persons entering for such purposes of natural or dangerous conditions, uses, structures or activities. 745 ILCS 65/3 (West 1994). The purpose of the Recreational Use Act is "to encourage owners of land to make land and water areas available to the public for recreational or conservation purposes by limiting their liability toward persons entering thereon for such purposes." 745 ILCS 65/1 (West 1994). The Recreational Use Act provides an immunity to all land "owners," which includes private parties and political subdivisions of the state. 745 ILCS 65/2(b) (West 1994). "Land" includes water and watercourses. 745 ILCS 65/2(a) (West 1994). The owner of land may, however, be liable for willful and wanton failure to guard or warn against a dangerous condition, use, structure, or activity. 745 ILCS 65/6(a) (West 1994). Furthermore, the Recreational Use Act is inapplicable "where the owner of the land charges the person or persons who enter or go on the land for the recreational use thereof." 745 ILCS 65/6(b) (West 1994). Plaintiff claims that because the Park District charges a fee for use of its harbor system, the Park District cannot escape liability for negligence under the Recreational Use Act.

■ Defendant, on the other hand, contends that the Tort Immunity Act governs this case. The Tort Immunity Act grants im-

munities and defenses "to protect local public entities from liability arising from the operation of government." 745 ILCS 10/1—101.1 (West 1992). Section 3—106 of the Tort Immunity Act provides:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." 745 ILCS 10/3—106 (West 1992).

Therefore, both the Recreational Use Act and the Tort Immunity Act relate to the same subject matter. However, there is no case law addressing the relationship between the Tort Immunity Act and the Recreational Use Act.

■ When two statutes cover the same subject, the Illinois Statute on Statutes provides in pertinent part:

> "Two or more Acts which relate to the same subject matter and which are enacted by the same General Assembly shall be construed together in such manner as to give full effect to each Act except in case of an irreconcilable conflict. In a case of an irreconcilable conflict the Act last acted upon by the General Assembly is controlling to the extent of such conflict. ***
>
> ***
>
> The rules of construction provided for in this section are applicable to Acts enacted by the same General Assembly throughout the 2 year period of its existence." 5 ILCS 70/6 (West 1992).

■ We find that the Tort Immunity Act and the Recreational Use Act can be logically reconciled. Section 3—106 of the Tort Immunity Act provides protection for local public entities that is additional to those protections contained in the Recreational Use Act. While a private party charging a fee for the use of a waterway might be subject to a negligence claim under the Recreational Use Act, a local public entity charging a fee would have an additional immunity under section 3—106 that would not be available to the private landowner.

Furthermore, the law in Illinois is well established that, where two statutory provisions cover the same subject matter, the more specific statute governs. *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437, 610 N.E.2d 709 (1993). Plaintiff claims that the Recreational Use Act, which specifically addresses recreational activities in water and water courses and situations in which a landowner charges a fee to enter the recreational property, is the more specific

statute and should apply to this case. We, however, are more persuaded by the Park District's argument that the Tort Immunity Act is the more specific statute since it specifically addresses parks, while the Recreational Use Act makes no specific reference to parks but addresses land generally. See *Davis v. United States*, 716 F.2d 418 (7th Cir. 1983) (Recreational Area Licensing Act superseded the Recreational Use Act).

Even if we were to find an irreconcilable conflict to exist between the two statutes, the Tort Immunity Act would still be controlling. The Recreational Use Act and the Tort Immunity Act were both enacted by the seventy-fourth General Assembly. See 1965 Ill. Laws 2263, 2983. The Recreational Use Act was enacted on August 2, 1965, while the Tort Immunity Act was enacted on August 13, 1965. Thus, according to the Illinois Statute on Statutes, the Tort Immunity Act, the last act acted on by the seventy-fourth General Assembly, would be controlling. 5 ILCS 70/6 (West 1992).

■ Plaintiff next claims that, even if the Tort Immunity Act applies, that does not entitle the Park District to summary judgment because a question of fact exists regarding whether stardock X has a solely recreational intended or permitted purpose. Plaintiff claims that stardocks are used to moor emergency vehicles, for commercial travel, for commercial fishing, and scavenger and money-making ventures and, thus, stardock X has a use other than recreational. The Park District claims that the marina it operated at Diversey Harbor was intended for the use of recreational boaters, not commercial shipping.

In *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 657 N.E.2d 887 (1995), the court held that, in determining whether property is recreational in nature, the type of activity performed on the property is not significant; rather, immunity depends on the character of the property. In making such a determination, courts have considered whether the property has been used for recreation in the past or whether recreation has been encouraged on the property. The fact that the property may have both a recreational and nonrecreational purpose would not defeat the applicability of section 3—106. *Ozuk v. River Grove Board of Education*, 281 Ill. App. 3d 239, 666 N.E.2d 687 (1996). There is no dispute that at least one use of the harbor was recreational. Therefore, plaintiff's negligence claim is barred by section 3—106.

Accordingly, for the reasons set forth above, the trial court order

dismissing plaintiff's negligence count against the Park District is affirmed.

Affirmed.

DiVITO, P.J., and TULLY, J., concur.