# Illinois Official Reports

## Appellate Court

*Peters v. Herrin Community Unit School District No. 4,*
**2015 IL App (5th) 130465**

| | |
|---|---|
| Appellate Court Caption | GENE PETERS, Plaintiff-Appellant, v. HERRIN COMMUNITY UNIT SCHOOL DISTRICT NO. 4 and THE BOARD OF EDUCATION OF HERRIN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-13-0465 |
| Filed | February 27, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the trial court's dismissal of plaintiff's action for the injuries he suffered when he ran into a bumper that was not visible during a high school summer football camp being held at defendants' football facility and he alleged defendants negligently maintained the grounds by failing to cut and mow the weeds where the bumper was located, the appellate court held that it did not have jurisdiction to hear plaintiff's negligence count after granting defendants' motions for summary judgment, especially when plaintiff's notice of appeal was filed outside the time allowed under Supreme Court Rule 303, and with regard to plaintiff's willful and wanton count, the trial court's entry of summary judgment was reversed and the cause was remanded to allow the trial court to determine whether plaintiff's coaches knew of the dangerous condition the bumper presented and whether their actions constituted willful and wanton conduct. |
| Decision Under Review | Appeal from the Circuit Court of Williamson County, No. 07-L-105; the Hon. Brad K. Bleyer, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded with directions. |

| | |
|---|---|
| Counsel on Appeal | John Womick and Chad Orso, both of Womick Law Firm, Chtrd., of Herrin, for appellant. |
| | John J. Kurowski and Candice C. Kusmer, both of Kurowski Shultz, LLC, of Swansea, for appellees. |

| | |
|---|---|
| Panel | JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion. |
| | Justices Chapman and Stewart concurred in the judgment and opinion. |

## OPINION

¶ 1    This appeal concerns a personal injury case in which plaintiff, Gene Peters, alleges he was injured by running into a bumper that was not visible during a high school summer football camp held on the football field of defendants, Herrin Community Unit School District No. 4 and the Board of Education of Herrin Community Unit School District No. 4. After sustaining his injuries, plaintiff filed a complaint alleging defendants negligently maintained its football facility by failing to cut and mow the weeds where the bumper was located, which the trial court dismissed with prejudice.

¶ 2    Plaintiff later filed a two-count third amended complaint alleging the negligence count described above and a willful and wanton count. The willful and wanton count alleges plaintiff was injured as a direct and proximate result of defendants' willful and wanton conduct, that being the grass was not properly cut, the bumper was not visible, and the coaches of the football team instructed plaintiff to take a particular route when running from the locker room to the football field causing plaintiff to run into the bumper.

¶ 3    Defendants moved to dismiss the first count of plaintiff's third amended complaint alleging negligence, contending the negligence count was identical to the count alleged in plaintiff's second amended complaint on which the trial court granted summary judgment in favor of defendants. Defendants also moved for summary judgment as to the second count of plaintiff's third amended complaint alleging willful and wanton conduct, asserting its conduct did not rise to the level of willful and wanton conduct.

¶ 4    The trial court granted defendants' motion to dismiss on the first negligence count, holding there was no genuine issue of material fact and finding the immunity provision pursuant to section 3-106 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3-106 (West 2012)) applied to the facts of the case. The trial court also granted defendants' motion for summary judgment as to plaintiff's second

count alleging willful and wanton conduct after finding defendants' conduct failed to rise to the level of willful and wanton conduct and there was no genuine issue of material fact.

¶ 5 Plaintiff now appeals the orders of summary judgment entered in favor of defendants on plaintiff's negligence count and willful and wanton count. Plaintiff contends the trial court erred by granting defendants' motions for summary judgment, alleging the high school football camp was not immune from liability because the football facility is intended for educational rather than recreational purposes. Plaintiff also alleges defendants' failure to properly maintain the football facility amounted to willful and wanton conduct, and there existed questions of material facts concerning whether plaintiff was instructed by coaches to run in a certain direction to the football field from the locker room.

¶ 6 Defendants contend this court does not have jurisdiction to hear plaintiff's count alleging negligence, asserting plaintiff did not file his notice of appeal within the time period required by Illinois Supreme Court Rule 303 (eff. May 30, 2008). In the alternative, defendants assert the trial court properly granted defendants' motion for summary judgment after finding no genuine issue of material fact and holding the immunity provision of section 3-106 applied to the facts of the case. Regarding plaintiff's willful and wanton count, defendants assert the trial court properly granted summary judgment in favor of defendants after finding no evidence of willful and wanton conduct and no genuine issue of material fact.

¶ 7 We agree with defendants that this court does not have jurisdiction to hear plaintiff's negligence count. Plaintiff filed his notice of appeal outside the time period required by Supreme Court Rule 303. Accordingly, this court does not have jurisdiction.

¶ 8 Regarding defendants' motion for summary judgment granted by the trial court concerning the willful and wanton count, we disagree with the trial court's finding of no genuine issue of material fact. There are genuine issues of material fact concerning the route the football players took from the locker room to the football field and whether coaches employed by defendants instructed the players to take a particular route. The route the players took from the locker room to the football field, and whether the players were instructed by their coaches to take that route, is important for determining whether immunity pursuant to section 3-106 is applicable and should be considered by the trial court on remand. For the following reasons, we reverse and remand with directions.

¶ 9 BACKGROUND

¶ 10 On July 26, 2006, plaintiff, Gene Peters, participated in a summer football camp sponsored by defendants, Herrin Community Unit School District No. 4 and the Board of Education of Herrin Community Unit School District No. 4. Plaintiff was an incoming sophomore at Herrin High School. On said date, plaintiff alleges that while running from the locker room to the practice football field pursuant to the coach's instruction, he tripped on a bumper in the shot-put pit area of the field, causing him to fall and sustain injuries. Plaintiff alleges said bumper was located on the route the players were instructed to take by the coaches. Plaintiff underwent back surgeries and treatment for a pinched nerve and pulled muscles from the injuries he sustained.

¶ 11 Plaintiff's original complaint alleging a single count of negligence against defendants was filed on July 24, 2007. This appeal concerns plaintiff's two-count third amended

complaint filed on November 21, 2012, alleging a single count of negligence and a single count of willful and wanton conduct.

¶ 12    In the negligence count of plaintiff's third amended complaint, plaintiff alleges he was unable to see the bumper because defendants negligently maintained the football facility by failing to mow the grass and cut the weeds. In the willful and wanton count, plaintiff alleges defendants' failure to mow the grass was conduct performed "with reckless disregard for the safety of the plaintiff."

¶ 13    Relative to this appeal, the trial court granted defendants' motion for summary judgment on plaintiff's second amended complaint alleging a single count of negligence on May 23, 2012. The trial court found no genuine issue of material fact and held the immunity provision pursuant to the Act (745 ILCS 10/3-106 (West 2012)) applied to the facts of the case.

¶ 14    On June 20, 2012, plaintiff filed a motion for leave to file an interlocutory appeal of the trial court's May 23, 2012, order granting defendants' motion for summary judgment on plaintiff's second amended complaint. On the same date, plaintiff filed a motion for leave to file a third amended complaint requesting to add a willful and wanton count against defendants. On October 23, 2012, plaintiff's motion for interlocutory appeal and motion for leave to file a third amended complaint were granted by the trial court.

¶ 15    Plaintiff filed his third amended complaint on November 21, 2012, alleging one count of negligence and one count of willful and wanton conduct against defendants. Defendants then moved to dismiss the count of negligence, asserting it was identical to the negligence count in plaintiff's second amended complaint for which the court granted summary judgment in favor of defendants. The trial court granted defendants' motion to dismiss on August 15, 2013. Plaintiff filed a notice of appeal on August 16, 2013.

¶ 16    Defendants also filed a motion for summary judgment as to the second count of plaintiff's third amended complaint alleging willful and wanton conduct, which the trial court granted on August 21, 2013. The trial court found the record contained no evidence plaintiff was instructed by his coaches to run a particular route from the locker room to the football field causing plaintiff to run into the bumper, and held defendants' conduct did not rise to the level of willful and wanton conduct.

¶ 17    Plaintiff filed a notice of appeal on September 19, 2013, for the trial court's order entered on August 21, 2013. On January 9, 2014, plaintiff filed a motion for leave to amend the record on appeal and an amended notice of appeal. Plaintiff requested from this court that the leave to amend the record on appeal include an amended notice of appeal filed in the trial court in an attempt to include the trial court's May 29, 2012, order granting defendants' motion for summary judgment on plaintiff's negligence count. On March 5, 2014, this court denied plaintiff's motion for leave to amend the record and plaintiff's motion for leave to amend the notice of appeal.

¶ 18                                      ANALYSIS

¶ 19    The two issues we are asked to address on appeal concern the count of negligence and the count of willful and wanton conduct alleged in plaintiff's third amended complaint, and whether the trial court erred in granting defendants' motions for summary judgment.

¶ 20    Plaintiff first asserts defendants were negligent by failing to properly maintain their football facility. Plaintiff contends this negligence count is reviewable by this court pursuant

to his moving for leave to amend the record with an amended notice of appeal. We disagree, as this court lacks jurisdiction for review of plaintiff's negligence count.

¶ 21 The trial court granted defendants' motion for summary judgment on plaintiff's second amended complaint on May 23, 2012. Said complaint alleged a single count of negligence against defendants. The trial court found no genuine issue of material fact and found the immunity provision of section 3-106 applied to the facts of this case.

¶ 22 Illinois Supreme Court Rule 303 requires the filing of a notice of appeal to be within 30 days of the entry of a final judgment of the circuit court. Ill. S. Ct. R. 303 (eff. May 30, 2008). A notice of appeal filed more than 30 days after the entry of a circuit court's final judgment will be insufficient to vest the appellate court with jurisdiction. *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.*, 137 Ill. App. 3d 550, 556, 484 N.E.2d 1178, 1183 (1985). However, Rule 303(b)(5) and (d) also provides an additional 30 days after expiration of the original 30-day filing period for an appellant to file an amended notice of appeal. Ill. S. Ct. R. 303(b)(5), (d) (eff. May 30, 2008). But after expiration of the additional 30-day safety-valve period, the appellate court lacks jurisdiction to permit any further amendment of the notice of appeal. *Ebert*, 137 Ill. App. 3d at 556, 484 N.E.2d at 1183.

¶ 23 Plaintiff filed an amended notice of appeal and a motion for leave to amend the record on appeal in an attempt to add a negligence count against defendants on January 9, 2014. In the instant case, plaintiff's amended notice of appeal was not filed within Rule 303's 30-day deadline. Plaintiff failed to file a notice of appeal for the trial court's May 29, 2012, or August 15, 2013, order dismissing plaintiff's negligence count within 30 days. Plaintiff also did not file his motion for leave to amend pursuant to Rule 303(d) within the additional 30 days following expiration of the original 30 days to file the notice of appeal. In addition, this court has already denied plaintiff's motion for leave to amend record on appeal and motion to amend notice of appeal.

¶ 24 Accordingly, this court lacks jurisdiction concerning the trial court's entry of summary judgment in favor of defendants regarding plaintiff's negligence count.

¶ 25 The next issue on appeal concerns the summary judgment entered in favor of defendants concerning plaintiff's count of willful and wanton conduct. The trial court found no evidence that plaintiff was instructed by his coaches to run onto the football field in a certain direction causing him to run into the bumper and found no evidence that defendants' action amounted to willful and wanton conduct.

¶ 26 Plaintiff alleges the coaches instructed the players to take a specific route when running from the locker room to the football field, that being through a gate in a northeasterly direction toward the football field. Plaintiff asserts in order for the players to abide by the instructed route, they were forced to encounter an area used for discus and shot-put competitions during the track and field season, and that area was covered with overgrown weeds and grass.

¶ 27 Plaintiff alleges he was injured after running into the bumper in the discus and shot-put area because the overgrown weeds and grass obscured the bumper from his view. Plaintiff also claims the coach who instructed the players to run the route was standing near the discus and shot-put area when he sustained his injuries.

¶ 28 Plaintiff and defendants disagree whether the football players were directed by the football coaches to run in a particular path from the locker room to the football field.

Defendants assert the football coaches never gave such instruction to the football players, while plaintiff asserts the football coaches did give such instruction.

¶ 29    Plaintiff asserts the trial court's entry of summary judgment in favor of defendants was improper because there are unresolved questions of fact concerning whether the football players were instructed by the football coaches to run a certain direction when running from the locker room to the football field. Plaintiff also contends defendants are not immune from liability pursuant to section 3-106 because the area of the football field in question was intended and permitted for educational purposes rather than recreational purposes, and that the action of defendants amounted to willful and wanton conduct. Plaintiff alleges the trial court's entry of summary judgment in favor of defendants should be overturned and a jury should determine whether defendants are liable for the injuries sustained by plaintiff.

¶ 30    Defendants assert the trial court properly granted them summary judgment after finding no evidence of willful and wanton conduct and no genuine issue of material fact, contending it is immune from liability because the willful and wanton exception to the immunity provision of section 3-106 does not apply to the facts of the case.

¶ 31    The trial court held there was no genuine issue of material fact and found the immunity provision of section 3-106 applied to the facts of the case. We disagree. There is controversy concerning the route taken by the football players when running from the locker room to the football field, and a genuine issue of material fact existed as to whether the football players were directed by coaches working for defendants to run in a particular direction.

¶ 32    A motion for summary judgment should be granted when the pleadings, depositions, and affidavits reveal there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Nagel*, 162 Ill. 2d 542, 547, 643 N.E.2d 816, 818 (1994). As defendants note, "If, upon all the evidence contained in the record, it cannot be established with reasonable certainty that defendant's acts caused plaintiff's injury, summary judgment is appropriate." (Internal quotation marks omitted.) *Chelkova v. Southland Corp.*, 331 Ill. App. 3d 716, 729, 771 N.E.2d 1100, 1111 (2002). However, if there is a genuine issue of material fact, the trial court should deny the motion for summary judgment. *Stivers v. Bean*, 2014 IL App (4th) 130255. As the Illinois Supreme Court has noted, "summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." (Internal quotation marks omitted.) *Chatham Foot Specialists, P.C. v. Health Care Service Corp.*, 216 Ill. 2d 366, 376, 837 N.E.2d 48, 55 (2005).

¶ 33    The record in this case contains a genuine issue of material fact, as it is not clear and free from doubt whether the coaches instructed the players to run in a particular area when running from the locker room to the football field. Because we find a genuine issue of material fact after review of the record concerning the route players took when running to the football field and whether the players were directed by the coaches to run in a particular direction, defendants should not have been entitled to summary judgment.

¶ 34    The direction the players ran and whether the players were directed to run a certain direction are important for determining whether immunity pursuant to section 3-106 is applicable. Accordingly, we reverse the trial court's finding of no genuine issue of material fact and remand with directions to consider the direction and course taken by the football players when running from the locker room to the football field, and whether coaches employed by defendants instructed the players to run in a particular direction.

¶ 35     Also raised on appeal is the issue of immunity pursuant to the Act. 745 ILCS 10/3-106 (West 2012). Defendants assert they are immune from liability under the Act because the football field was used for recreational purposes rather than educational purposes. Conversely, plaintiff alleges defendants are not immune from liability under the Act because the football field was used for educational purposes rather than recreational purposes. Because of this court's disposition, we need not make a determination on the issue of immunity as it will be addressed by the trial court on remand. However, we will briefly address the issue.

¶ 36     Section 3-106 of the Act states the following:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." 745 ILCS 10/3-106 (West 2012).

¶ 37     There are several matters the trial court should consider in determining whether the summer football camp was educational or recreational.

¶ 38     First, plaintiff alleges there is no Illinois case law distinguishing the term "recreational" from "educational." However, as defendants indicate, there does exist Illinois case law distinguishing the two terms.

¶ 39     Recreation has been defined as "refreshment of the strength and spirits after toil: DIVERSION, PLAY." (Internal quotation marks omitted.) *Ozuk v. River Grove Board of Education*, 281 Ill. App. 3d 239, 243, 666 N.E.2d 687, 690 (1996). The court in *Ozuk* defined "play" as suggesting an opposition to work, implying activity but emphasizing the absence of any aim other than amusement, diversion, or enjoyment.

¶ 40     *Ozuk* involved a case in which the plaintiff was injured after he slipped and fell in a school gymnasium during gym class. The plaintiff sustained injuries and brought an action against the city board of education. The circuit court found section 3-106 of the Act applied to the facts of the case and the board of education was immune from liability. The circuit court distinguished recreation from physical education, indicating "physical education and recreation have different aims: whereas the former seeks to instruct, the latter aspires merely to amuse." *Ozuk*, 281 Ill. App. 3d at 244, 666 N.E.2d at 690.

¶ 41     The appellate court reversed in *Ozuk*, finding there was a question of material fact concerning whether the gymnasium was only used for mandatory physical education, in which case immunity pursuant to section 3-106 would not apply, or whether the gymnasium was also permitted or encouraged to be used for recreational activities such as recess and extracurricular activities, in which case immunity pursuant to section 3-106 would apply. The appellate court remanded the case "for the limited purpose of developing facts related to the intended or permitted use of the gymnasium." *Ozuk*, 281 Ill. App. 3d at 244, 666 N.E.2d at 691.

¶ 42     An appropriate issue the trial court should analyze is whether the area in question falls within the scope of section 3-106 and whether the area is permitted or intended to be used for recreational activities. *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 383, 657 N.E.2d 887, 893 (1995).

¶ 43    Plaintiff alleges section 3-106 of the Act applies when the applicable public property is intended or permitted to be used for recreational purposes. As plaintiff indicates, public property may have more than one intended use. *Bubb*, 167 Ill. 2d at 383, 657 N.E.2d at 893.

¶ 44    *Bubb* involved a case where a minor plaintiff was injured while riding her bike from the sidewalk of an elementary school onto an adjacent playground. The court held the school property at issue was within the statutory immunity provision, finding recreational immunity applied if the property was intended or permitted to be used for recreational purposes regardless of its primary purpose.

¶ 45    The court in *Bubb* suggested that while certain areas of public schools are comprised of public property intended or permitted to be used for recreational purposes and therefore are immune from liability, the entire facility itself cannot be immune *per se*. *Bubb*, 167 Ill. 2d at 381, 657 N.E.2d at 892. Accordingly, application of section 3-106 under the Act should be based on a case-by-case examination of the nature of the property. *Adamczyk v. Township High School District 214*, 324 Ill. App. 3d 920, 926, 755 N.E.2d 30, 36 (2001).

¶ 46    As the record in this case indicates, plaintiff admitted playing football was an extracurricular activity that was not mandatory and for which he did not receive school credit. Also, plaintiff paid a fee to participate in the football camp that took place in the summer months outside of the school calendar year. The trial court should consider these factors in determining whether the football camp was recreational or educational and whether the football facility where the camp took place was intended or permitted to be used for recreational or educational purposes.

¶ 47    Also on remand, the trial court should consider whether defendants' action amounted to "willful and wanton conduct." Under the Act, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition. *Majewski v. Chicago Park District*, 177 Ill. App. 3d 337, 339, 532 N.E.2d 409, 410 (1988).

¶ 48    However, when liability is based on the condition of any public park, playground, or recreational area, the local public entity is only liable when it is guilty of willful and wanton misconduct proximately causing the injury. *Majewski*, 177 Ill. App. 3d at 339, 532 N.E.2d at 410.

¶ 49    A public entity may be found to have engaged in willful and wanton conduct if it has been informed of a hazardous condition or knew others had been injured because of that condition. *Winfrey v. Chicago Park District*, 274 Ill. App. 3d 939, 945, 654 N.E.2d 508, 513 (1995). Willful and wanton misconduct is "far beyond mere inadvertence, which may constitute ordinary negligence," and requires a conscious disregard for the safety of others. *Majewski*, 177 Ill. App. 3d at 340, 532 N.E.2d at 410-11.

¶ 50    The Act defines "willful and wanton conduct" as a "course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. This definition shall apply in any case where a 'willful and wanton' exception is incorporated into any immunity under this Act." 745 ILCS 10/1-210 (West 2012).

¶ 51    Plaintiff indicates this court previously found "the allegation that [plaintiff] had been instructed by the coaching staff to encounter the hazard was sufficient to support a cause of action for willful and wanton conduct." *Peters v. Herrin Community School District No. 4*, 401 Ill. App. 3d 356, 362, 928 N.E.2d 1258, 1263 (2010).

¶ 52    The duty of a local public entity is outlined in section 3-102(a) of the Act (745 ILCS 10/3-102(a) (West 2012)). Section 3-102(a) states the following:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3-102(a) (West 2012).

¶ 53    Plaintiff cites to *Jarvis v. Herrin City Park District*, 6 Ill. App. 3d 516, 285 N.E.2d 564 (1972), which involved an action brought against the park district for injuries sustained by a minor while on a sliding board-jungle bars combination owned by the park district. Plaintiff notes the court in *Jarvis* defined willful and wanton conduct as "such a lack of care for the rights of others as implies either a disregard of consequences or a willingness to inflict injury, which conduct constitutes wilful negligence, notwithstanding the absence of the element of ill-will toward the injured plaintiff." (Internal quotation marks omitted.) *Jarvis*, 6 Ill. App. 3d at 521-22, 285 N.E.2d at 568.

¶ 54    The court in *Jarvis* ultimately found nothing in the factual allegations sufficient to show willful and wanton conduct on the part of the park district. The court held that mere negligence of the park district in failing to maintain the concrete under the beam which fell onto and injured the plaintiff did not amount to willful and wanton conduct. Specifically, the court stated, "There were no factual allegations in either count of the complaint to show that defendant had any actual intent to injure plaintiff, or was guilty of wilful and wanton conduct relating thereto, or exhibited such a conscious or intentional disregard of the rights of others as to warrant the conclusion that injury was intended." (Internal quotation marks omitted.) *Jarvis*, 6 Ill. App. 3d at 524, 285 N.E.2d at 570.

¶ 55    Defendants contend the case at issue resembles the *Majewski* case referenced above, which involved a plaintiff who brought an action against the Chicago park district after falling on broken glass while playing touch football on a football field located in a park. The plaintiff claimed the park district acted with willful and wanton conduct.

¶ 56    The court in *Majewski* stated a "wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." (Internal quotation marks omitted.) *Majewski*, 177 Ill. App. 3d at 340, 532 N.E.2d at 410. Similar to the court's holding in *Jarvis*, the court in *Majewski* found the plaintiff failed to allege willful and wanton conduct that would entitle the plaintiff to recovery under the Act.

¶ 57    The trial court should review the record to determine whether the coaches were informed of the dangerous condition the bumper presented and whether the actions of the coaches amounted to willful and wanton conduct. The trial court should consider these courts' findings to help make a determination.

¶ 58                                          CONCLUSION

¶ 59         For the reasons stated herein, this court lacks jurisdiction to issue an opinion on plaintiff's negligence count. We reverse the trial court's entry of summary judgment in favor of defendants and remand with directions.

¶ 60         Reversed and remanded with directions.